# Harris v. The State.

*Indictment for Burglary.*

1.  *Jurisdiction of recorder of city of Montgomery as committing magistrate.*—The recorder of the city of Montgomery, being clothed by statute, not only with jurisdiction of violations of the ordinances of the city, but also, in addition thereto, with "all the powers and authority that belong to justices of the peace in criminal matters, by the laws of this State," has the plenary jurisdiction of justices of.the peace as committing magistrates, and the authority and jurisdiction to inquire and determine, whether there is probable cause to believe a criminal offense has been committed, and that the person charged is guilty of its commission.

2.  *Testimony of witness before committing magistrate; admissibility of.*—Whether the absence of a witness from the State, either permanent or temporary, not induced by the act of the defendant, will, in a criminal case, authorize the introduction of evidence of the testimony given by him on a former trial, or on a preliminary examination before a committing magistrate, against the defendant, is not decided; but testimony of this character being admitted with great caution, only from necessity, and to prevent a failure of justice, the necessity therefor, whether arising from death, insanity, or other cause rendering impracticable the production and examination of the witness, ought to be clearly shown.

3.  *Same; when inadmissible.*—Proof, on the trial of a criminal case, of the disappearance of an absent witness from the place at which she resided at the time of the preliminary examination before a committing magistrate, and of declarations, made by her before her disappearance, of an intention to go to Georgia with a particular person, with whom she did not go, does not make out a case which authorizes the introduction of evidence of her testimony on the preliminary examination.

4.  *Same; how proved.*—It is the duty of a committing magistrate to reduce to writing the testimony of witnesses examined before him on a preliminary examination, and if he observes this duty, the writing is the best evidence, and must be produced, or its absence accounted for; but if he neglect the duty, the testimony given, may be proved, when a necessity therefor is shown, by any witness who heard and remembers it substantially.

5.  *When declarations of witness inadmissible.*—The declaration of a person found in possession of stolen property, and arrested for the larceny thereof, made after the arrest, and after he had parted with the possession, that he received it from the defendant, is not admissible against the defendant for any purpose.


Appeal from City Court of Montgomery.

Tried before Hon. T. M. Arrington.

Allen Harris, the defendant in the court below, appellant here, was indicted for breaking into and entering a designated building within the curtilage of a dwelling house, " with the

[Harris v. The State.]

intent to steal, and having so broken into and entered said building, then and there feloniously took and carried away seven turkeys of the aggregate value of twelve dollars, the personal property," etc. The defendant was found guilty of burglary, and sentenced to hard labor for the county. After proving the breaking and entry as charged, and the larceny of the turkeys, it was shown that on a preliminary examination of the defendant, had before the recorder of the city of Montgomery, the cause before that officer being entitled, "The City Council of Montgomery v. Allen Harris," one Ellen Gamble, an absent witness for the State, was examined as a witness; that shortly after this examination, said witness stated that she was going to Georgia with a designated party, and a week there after she, selling all her household effects, moved away from the house in which she then lived, but where she went, the witnesses did not know; that for a week after she left her said house, her daughter was seen in Montgomery, who stated that her mother was still living in that city, and that she did not go away with the party with whom she said she was going, because she had lost her money, and she was waiting for that party to send her some money from Atlanta, and that when she received it, they, both mother and daughter, were going to Georgia; and that said Ellen Gamble had not been since seen in Montgomery. It was also shown that a subpœna issued for her had been returned "not found" in Montgomery county. It was not shown whether the committing magistrate reduced to writing the testimony of the said Ellen Gamble, given on the preliminary examination or not. Upon this proof, the State was allowed, against the defendant's objection, to prove by another witness what her testimony was before the committing magistrate on said examination; and to this ruling the defendant excepted. The substance of this testimony was, that before daylight on the morning of the night the burglary was committed, the defendant came to her house with the turkeys, which she received from, and sold for him, at his request. The defendant having shown by the cross-examination of a policeman of said city, who had been examined in chief by the State, that he arrested the said Ellen Gamble for the larceny of the turkeys, and that, on her testimony on the preliminary examination of the defendant, she was released, the State asked said witness, in rebuttal, what Ellen Gamble told him when he went to arrest her. To this question the defendant objected, but the court overruled the objection, and he excepted. In response to the question the witness answered, that she told him, "in substance, the same she testified to as above stated." The defendant then moved to exclude this answer, but the court overruled the motion, and he excepted.

[Harris v. The State.]

The rulings above noted are, with others, here assigned as error.

JNO. GINDRAT WINTER, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The recorder of the city of Montgomery is clothed with jurisdiction of violations of the ordinances of the city, and, in addition, with "all the powers and authority that belong to justices of the peace in criminal matters, by the laws of this State."—Pamph. Acts, 1869–70, p. 363, § 10; Pamph. Acts, 1880–1, p. 496, § 2. The powers and authority of justices of the peace include plenary jurisdiction as committing magistrates—the jurisdiction to inquire and determine whether there is probable cause to believe a criminal offense has been committed, and that the person charged is guilty of its commission. The recorder had, and was exercising the jurisdiction of a committing magistrate, in the inquiry as to the guilt or innocence of appellant of the offense with which he is now indicted, when the absent witness, Ellen Gamble, was examined. The appellant was present on the inquiry, and had the opportunity of cross-examination. The inquiry was the inception of the prosecution ; the indictment is its continuation; the issues involved are the same, and there is identity of parties. If a necessity existed which authorized the introduction of secondary evidence of the testimony given by the absent witness on the hearing before the recorder, there was no force in the objection, that the hearing before him was illegal, or that the parties and the issue were not the same. It is well settled that evidence is admissible on the trial in chief, of what a deceased witness testified on the preliminary hearing before a committing magistrate. It is the duty of the magistrate to reduce the examination to writing, and if he observe the duty, the writing is the best evidence, and must be produced, or a satisfactory account given for its absence. But if he neglect the duty, the testimony given may be proved by any witness who heard and remembers it substantially.—*Tharp v. State*, 15 Ala. 749; *Davis v. State*, 17 Ala. 354.

The specific objections taken in the court below do not raise the inquiry, whether the absence of a witness from the State, temporary or permanent, not induced by the act of the defendant, will in a criminal case authorize the introduction of evidence of the testimony given by him on a former trial; and we abstain from the intimation of an opinion upon that question. The substance of the objections is, that it was not shown that the witness was absent from the State. We are of opinion

32

[Amos v. The State.]

the objections were well taken, and ought to have been sustained. Testimony of this kind is admitted with great caution, only from necessity, and to prevent a failure of justice. The necessity, whether it is supposed to arise from death, or insanity, or from other cause rendering impracticable the production and examination of the witness, ought to be shown clearly. Allowing to the evidence explanatory of the failure to produce the witness the greatest weight which can be justly claimed for it, and it proves no more than her disappearance from the place of her residence at the time of her former examination. It is as consistent with the hypothesis that she is elsewhere in the State, and within the jurisdiction of the court, as that she is absent from, or residing without the State. Her declarations of an intention to go to Georgia were not contemporaneous with her disappearance, and they were connected with a declaration of a purpose to go with a particular person, whom she did not accompany. A case was not made which authorized the introduction of evidence of her testimony on the former trial.

The purpose of introducing evidence of the declarations made by her when arrested upon the charge of having stolen the turkeys, is not shown by the bill of exceptions. We are not aware of any purpose for which it ought to have been received. The declarations were not explanatory of her possession of the turkeys, for, before making them, she had parted with the possession. The possession was a past, and not a present, existing fact. The declarations of a stranger which are merely narrative of a past occurrence or fact, are not admissible evidence, either as explanatory, or of the existence of the occurrence or fact.—1 Greenl. on Ev. § 110.

These errors compel a reversal of the judgment, and it is not necessary to consider the other matters pressed in the argument of counsel.

Reversed and remanded.