# Bardin *v.* The State.

## *Indictment for Murder.*

1. *Evidence; redirect examination.*—Where, on cross examination of a witness by the defendants, it is shown that one of them told the witness that it would be best for the witness to leave River Falls, it is competent for the State to ask the witness on redirect examination, "How long did you stay at River Falls after the killing?"

2. *Same; evidence of absent witness on former trial.*—Before the evidence of an absent witness, given on a former trial, can be put in evidence, it must be shown that the witness is beyond the jurisdiction of the Court, and proof only that the witness could not be found in the County of his residence, by the sheriff and his deputy, after diligent search, is not a sufficient predicate to authorize the introduction in evidence of the testimony of such witness given on the preliminary trial of the defendant.

3. *Trial and its incidents; remarks made in argument.*—Where the attorney in his argument states that a witness was unworthy of belief, a question by the solicitor, why the defense did not bring testimony of residents of the county in which the witness resided, cannot be affirmed as being improper.

4. *Charge to jury; reasonable doubt.*—A charge to the jury as to a reasonable doubt of defendant's guilt, which is not predicated upon a consideration of all the evidence in the case, is properly refused.

5. *Homicide; duty of retreating.*—Where the defendant, being lawfully in the house of another, has a personal difficulty with a

third party, he is under the duty of retreating before taking the life of his opponent, if he can do so without increasing his peril. The rule applicable to a person in his own house does not apply in such case.

APPEAL from the Covington Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

In this cause, the appellant, Rufus Bardin, together with Letcher Bardin and Frank Devane, were jointly indicted for murder of Tom Wyrostick. The details are unnecessary to an understanding of the opinion. The opinion sufficiently states the evidence and proceedings on trial to which exceptions were taken. The defendant requested the court in writing, to give the following charges, which were refused, and defendant excepted: 1. "A reasonable doubt arising out of any part of the evidence will justify the acquittal of the defendant." 4. "If, from the evidence, you are reasonably satisfied that, at the time the fatal shots were fired, the defendant, Rufus Bardin, was in imminent danger of suffering death or grievous bodily harm at the hands of the deceased, and under these circumstances he fired the fatal shots, you should acquit the defendant, Rufus Bardin, unless you are convinced beyond a reasonable doubt, from the evidence in the case, that the said Rufus Bardin was at fault in bringing on the difficulty." 8. "Unless you are convinced beyond a reasonable doubt, from the evidence in the case, that the defendant, Letcher Bardin, fired one or more of the shots that were fired on the night of the killing, you should acquit him." 13. "If, from the evidence, there is a probability of the innocence of defendants, you should acquit them." 14. "Unless each of you is convinced of the guilt of defendants, from the evidence in the case, you should acquit them."

The defendants, Rufus Bardin and Letcher Bardin, were each found guilty of murder in the second degree, and sentenced to the penitentiary for fifty, and five years, respectively.

HENRY OPP, C. E. HAMILTON, and POWELL, ALBRITTON & ALBRITTON, for appellant.

[Bardin v. The State.]

MASSEY WILSON, Attorney-General, *contra.*

TYSON, J.—It appears from the testimony of the witness Whitlock that, at the time of the killing, he was living at River· Falls. It also appears from the cross-examination of this witness by defendants, that he was told by one of them, in a conversation had between them at River Falls, that it would be best for witness to leave that place, and that immediately after this conversation the witness did leave, going to Greenville. It was not made to appear from the cross-examination when this conversation was had—how long after the killing.

It was entirely competent for the State to bring out this fact on redirect examination, which was done by the question, "How long did you stay at River Falls after the killing?"

For the same reason there is no merit in the objection to the other question of like tenor and import.

No sufficient predicate was laid for the introduction of the testimony of the witness Devane taken on the preliminary examination before the committing magistrate. All that was shown was that he could not be found in the county of his residence, after diligent search by the sheriff and his deputy, who had a capias and a subpœna for him. In *Mitchell v. State,* 114 Ala. 1, this point arose upon substantially the same predicate as was attempted to be laid here. It was there said, "The witness was a known resident of the county, and the mere fact that, after diligent search, she was not found at her usual place of residence, or in the county, shows no more than a present disappearance, consistent with the hypothesis that it was merely temporary, and that she was elsewhere in the State, subject to the powers and jurisdiction of the court." See also *Harris v. State,* 73 Ala. 495.

The interrogation in the argument of the solicitor, "Why don't you bring witnesses from the grand old county of Butler to impeach him," referring to John Stewart, a witness examined in behalf of the State, whom the testimony showed lived in Butler county and

whom counsel for defendant had stated in argument was unworthy of belief, involved no statement of fact and, under the circumstances here stated, cannot be affirmed as being improper.—*Parrish v. State,* 139 Ala. 16, 49; *Downey v. State,* 115 Ala. 108; *McNeil v. State,* 102 Ala. 121, 127; *Cross v. State,* 68 Ala. 476, 484.

Charge 1 was properly refused on account of its misleading tendency.—*Nicholson v. State,* 117 Ala. 32; *Lodge v. State,* 122 Ala. 107. It is entirely different from the charges which were held to be good in *Hurd v. State,* 94 Ala. 100, and *Walker v. State,* 117 Ala. 45. In those charges the reasonable doubt, arising out of any part of the evidence, was predicated upon a consideration by the jury of all the evidence, which is not done in this one.

Charge 4 was also properly refused. It is sufficient to say of it, without more, that it pretermits all reference to the duty of the defendant, Rufus Bardin, to retreat, or his inability to do so without increasing his peril. He was not in his castle, and the fact that he was lawfully in the house of another did not relieve him of the duty of retreating, if he could have done so with reasonable safety to himself. There was evidence from which the jury could have found that there was a conspiracy between the defendants to commit the crime with which they were charged. Charge 8 was, therefore, improper.—*Thomas v. State,* 130 Ala. 62.

Charge 13 confessedly should have been given, unless it was a repetition of other charges given at the request of defendants. We do not find this to be the case.

Charge 14 is clearly bad.—*Anderson v. State,* 134 Ala. 47.

The other exceptions reserved upon the trial are not insisted upon. We have, however, examined them and find them without merit. For the single error pointed out, the judgment must be reversed and the cause remanded.

Reversed and remanded.

McClellan, C. J., Simpson and Anderson, J. J., concurring.