13 So.2d 570

**LIVERPOOL & LONDON & GLOBE INS. CO. v. DICKINSON.**

I Div. 188.

Supreme Court of Alabama.

April 15, 1943.

Rehearing Denied May 27, 1943.

McCorvey, McLeod, Turner & Rogers and R. F. Adams, all of Mobile, for appellant.

Adams & Gillmore, of Grove Hill, for appellee.

BROWN, Justice.

This is the second appeal by the defendant, insurer, from a judgment for the plaintiff. Liverpool & London & Globe Ins. Co. v. Dickinson, 242 Ala. 107, 5 So.2d 90. On the first appeal the judgment was reversed for error committed in respect to the issue presented by the defendant's pleas 3 and 4, and the plaintiff's replication 2 thereto, and the oral charge of the court relating to that issue.

Said pleas 3 and 4 set up a forfeiture of the insurance resulting from a breach of the conditions of the policy against additional insurance without the written consent of the insurer endorsed on the policy. The replication undertook to set up a wai-

ver resulting from dealings between the insurer and the mortgagee whose interest was protected by a union or standard mortgage clause, in respect to which it was observed by the court on the former appeal:

"This is a union or standard mortgagee clause, imposing a direct and separate obligation upon the insurer *to pay* the mortgagee, as his interest should appear *when loss occurred, regardless of any action* of the insurer [insured] defeating a right of action on his part." 242 Ala. 109, 5 So.2d 91. [Italics supplied.]

■ The effect of the judgment of reversal entered here on that appeal was to annul in its entirety the judgment of the circuit court from which said appeal was prosecuted, and set aside and vacate all the rulings of the court on the pleadings embraced in that judgment. Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423; Sovereign Camp, W. O. W. v. Moore, 235 Ala. 117, 177 So. 642.

The judgment of the circuit court entered March 24th, 1942, from which this appeal is prosecuted, so far as the rulings on pleadings is concerned was limited to the demurrers refiled to replication 2 as amended and additional grounds added thereto.

Said replication 2 as amended, avers, in substance and legal effect, that the defendant in dealing with Kimbrough the mortgagee in respect to its liability and obligation to pay said mortgagee "as interest may appear" not only paid the amounts due on the mortgages which Kimbrough held at the time of the fire, but paid an indebtedness secured by a mortgage, acquired by Kimbrough after the loss occurred, "with the intent on the part of the defendant to waive" the forfeiture set up in said pleas, as to the claim of the plaintiff.

We are of opinion that the demurrer to the replication was well taken and that the circuit court erred in overruling it.

■ The doctrine of waiver and estoppel, as applied to the law of insurance, arises out of and is rested upon dealings between the *insurer* and *insured* in respect to the insurer's obligation to pay the loss sustained by the insured and that doctrine, stated by this court more than a half century ago is: "If the company, after knowledge of the breach, enters into negotiations or transactions with the *assured* which recognize and treat the policy as still in force, or induces the assured to incur trouble or expense, it will be regarded as having waived the right to claim the forfeiture." Queen Insurance Co. v. Young, 86 Ala. 424, 430, 431, 5 So. 116, 118, 11 Am.St.Rep. 51.

That was the first application of the doctrine in Alabama, to forfeitures such as asserted in the instant case, and all of our decisions applying the doctrine are rested on the holding in that case or cases rested upon it. Alabama State Mutual Assurance Co. v. Long Clothing & Shoe Company, 123 Ala. 667, 26 So. 655; Washburn, Adm'r v. Union Central Life Ins. Co., 143 Ala. 485, 38 So. 1011; Great American Ins. Co. v. Dover et al., 219 Ala. 530, 122 So. 658; American Insurance Co. v. Millican, 228 Ala. 357, 153 So. 454.

■ The dealings and transactions set up in the replication were not between the insurer and the insured in respect to a liability of the insurer to pay the insured on account of the alleged loss, but between a third party, the mortgagee Kimbrough, and the insurer as to the defendant's liability under the uniform mortgage clause which was not and could not be affected by the alleged forfeiture, hence the rule as to waiver does not apply. ·26 C.J. 338, § 425; Wisconsin Nat. Loan & Bldg. Ass'n v. Webster, 119 Wis. 476, 97 N.W. 171.

■ The question of the sufficiency of the predicate for the introduction of the testimony given by a witness on a former trial was primarily for the trial judge. Pope v. State, 183 Ala. 61, 63 So. 71; Harwell v. State, 12 Ala.App. 265, 68 So. 500. The testimony offered to establish the predicate shows that the witness Glass is in the employ of the Commissioner of Insurance for the State of Alabama, and was at the time of the trial out of the state on a temporary mission, and so far as appeared had not been subpoenaed for the trial.

■■ The testimony offered as a predicate for the witness Moore was to the effect that he was employed out of the state but tended to show that he had not changed his residence and that his family lived in Mobile, Alabama. That his absence was at best temporary and that he had not been subpoenaed. On these predicates the trial court will not be put in error for refusing to admit the testimony. Hines v. Miniard, 208 Ala. 176, 94 So. 302; Ætna Ins. Co. v. Koonce, 233 Ala. 265, 171 So. 269; Har-

384

well v. State, supra; 9 Ala.Dig., Evidence, p. 498, ☞575; p. 499, § 581.

█ The testimony of the plaintiff was sufficient to warrant the admission of her testimony as to the value of used or second hand household goods, the subject of the controversy, and the diagram of the house in which the fire occurred, which was also burned. Birmingham Ry., Lt. & Power Co. v. Hinton, 157 Ala. 630, 47 So. 576.

As the issues for another trial will be recast, we pretermit consideration of the other questions argued.

For the error noted, let the judgment be reversed.

Reversed and remanded.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.