201 So.2d 506

**Martin C. WILLIAMS**

**v.**

**Judson T. CALLOWAY.**

**6 Div. 261.**

Supreme Court of Alabama.

June 29, 1967.

Rehearing Denied Aug. 24, 1967.

London, Yancey, Clark & Allen and Max Hudson, Birmingham, for appellant.

Roscoe B. Hogan and Geo. S. Brown, Birmingham, for appellee.

COLEMAN, Justice.

Defendant appeals from judgment for plaintiff in action for damages arising out of a collision between motor vehicles at a street intersection in Birmingham.

Defendant was driving one vehicle and plaintiff the other. Plaintiff's wife and two minor daughters were riding in plaintiff's vehicle. Plaintiff sued for his own personal injury, damage to his vehicle, and loss of services and medical expenses for treatment of injuries to his wife and daughters.

The wife and daughters each filed actions against defendant for personal injuries. The actions brought by the wife and daughters had been tried prior to trial of the instant case and testimony given by a witness, Cooper, at the prior trials gives rise to the decisive question on this appeal.

Cooper was not present at the trial of the case at bar. Over defendant's objection, the court permitted plaintiff to read into evidence the testimony which Cooper had given at the trial of the suits brought by plaintiff's minor daughters.

We do not consider the question whether the parties in the instant case and the prior case were identical. For this discussion, identity of parties is presumed. That question is not argued, although defendant does say that the issues are not the same in the instant case and the prior case.

We do consider and decide whether plaintiff laid a sufficient predicate to account for the absence of the witness, Cooper, so as to make the transcript of his prior testimony admissible in the instant case.

It appears that Cooper resided with his parents in Birmingham and was a student at the University of Alabama. Subpoena

had been issued to him but had not been served.[1]

■ If a witness who has given testimony in the course of a judicial proceeding between the parties litigant, before a competent tribunal, subsequently dies; or becomes insane; or after diligent search is not to be found within the jurisdiction of the court, or if that which is equivalent be shown, that he has left the state permanently, or for such an indefinite time

1. The predicate for admitting Cooper's testimony was laid as follows:

"MR. HOGAN: We at this time move to read the testimony of Don Cooper, and in evidence I would like to offer about the fact of the record the subpoena, the witness sheet, Your Honor, which shows the subpoena for Donald Cooper zero.

"Now, it is my understanding, and I believe it can be agreed that 'zero' means 'no service.'

"MR. CLARK: I will agree to that, but I do not agree to when he was found how long the lawyers had to do something about it to get him here, Your Honor.

"MR. HOGAN: We offer that in evidence at this time as an exhibit. Of course, this is hearsay, but—

"MR. CLARK: I would object to hearsay, Your Honor.

"THE COURT: Let me suggest this. Would you like to be sworn and testify as to what you have done on it? I will allow that.

"MR. CLARK: I wouldn't require Roscoe to be sworn. It is the substance of what he says. That would not be the point of my objection. It is whether or not it is admissible on the hearsay basis.

"THE COURT: I will let him testify as to what he has done in his own way.

"MR. HOGAN: Judge, I talked with— I beg your pardon I did not directly. My secretary, Mrs. Pace, under my specific instructions to round up these witnesses, informed me that she talked with this boy's mother and that he said—she said —this was last Friday—that he was not served, that he was not here. I say this was last Friday. That is my best recollection. It could have been Thursday. That he was not here. That he went to New Orleans for something and that he would not be back in time to testify.

"I might further add for the record that every occasion that this case has come up this witness has been hard to locate and hard to get to come. His family has objected strenuously to his coming in to testify. We have no objection to getting him and using him if possible, but since we don't have him here,—he has been cross-examined by counsel on

every occasion that he was brought down here on the previous trials.

"THE COURT: Do you mind going back a little further and telling me about the previous trials?

"MR. HOGAN: He testified, Your Honor, in the Linda Calloway case and the Glenda Calloway case, in those two trials, and on each occasion both Mr. Allen and Mr. Clark were there present with the opportunity to cross examine and did cross examine extensively. And in support of this we offer the transcript of the previous trials; these trials of Linda and Glenda Calloway.

"THE COURT: Was it the same accident and the same transcript in these other trials as this?

"MR. CLARK: Yes, sir, the same accident. He testified about the same accident, that he was in the car being driven by Martin Williams at that time.

"THE COURT: I will overrule.

"MR. CLARK: Will you hear me?

"THE COURT: Yes, sir.

"MR. CLARK: I point out to Your Honor that on the subpoena docket sheet that it is shown there have been four settings of this case: September 10, 1962, December 3, 1962, June 7, 1965 and June 21, 1965. The subpoena docket sheet further shows that on the setting of September 10, 1962 and December 3, 1962 no witnesses were ordered by any of the parties. I assume that the case was continued in advance, or that there was some agreement about that. The subpoena docket sheet shows that as of June 7, 1965, for that trial sheet, subpoenas were issued by the plaintiff to the plaintiff's witnesses on June 1 and the return on this particular witness was 'not found.'

"The same subpoena docket sheet shows that on June—with reference to the June 21st setting, which was this week, that subpoenas were re-issued on June 11th and again that there was a return showing that the witness was not found.

"It is my position that the statement of a lawyer that his secretary was given the responsibility of rounding up the witnesses, or that she called the parent and that the parent said this, is not only hearsay, but double hearsay. And, fur-

that his return is contingent and uncertain, it is admissible to prove the substance of the testimony he gave formerly. The rule is, however, exceptional, and it is essential to the admissibility of the evidence that some one of the contingencies, which are deemed to create the necessity, be satisfactorily shown. Thompson v. State, 106 Ala. 67, 74, 17 So. 512.

■ Testimony of this character, being admitted from necessity and by way of exception to the general rule of law, the party offering it assumes the burden of showing to the court that he has exercised due diligence to find the witness. Pope v. State, 183 Ala. 61, 63, 63 So. 71.

■ The burden is on him who offers testimony to lay necessary predicates.

Burns v. Leath, 236 Ala. 615, 616, 184 So. 176.

■ The necessity, whether it is supposed to arise from death, or insanity, or from other cause rendering impracticable the production and examination of the witness ought to be clearly shown. Harris v. State, 73 Ala. 495.

■ In a number of cases where the question was raised, the predicate has been held insufficient.[2] As we understand the predicate laid in the instant case, without approving its admission over objection that it was largely hearsay, we think the inference most favorable to plaintiff proves nothing more than that Cooper was not in Birmingham, on the Thursday or Friday when the secretary called his mother,

ther, that this does not discharge the responsibility of the attorney to get the witness to come, and this would be improper testimony. There is not shown any basis on which testimony as given in a previous trial would be proper in this proceeding.

"MR. HOGAN: We would be glad to get my secretary up here, Judge, if there is any doubt about that sort of thing.

"THE COURT: I believe counsel for the defendant has accepted your statement and you are not required to be sworn.

"MR. CLARK: I accept the accuracy of Roscoe's statement without him being sworn. It is just the relevancy part.

"THE COURT: Since he is an officer of this Court, I am going to overrule at this time, so you may read it, Mr. Hogan. I think it would be better if you read it rather than put the whole transcript in. However, it may be whatever you desire.

"MR. CLARK: Do I understand the Court's ruling that he can pick selected excerpts?

"THE COURT: No, sir, he would read the entire transcript.

"MR. CLARK: From which case?

"MR. HOGAN: The last trial.

"THE COURT: He may read either one and then you can read it on the others, if you want to.

"MR. CLARK: We further point out that in the other cases the defense of contributory negligence was not present because they were passenger cases.

"THE COURT: I understand that.

"MR. CLARK: And I object also that counsel be accorded the privilege of making a selection between those previous instances where the witnesses has (sic) testified, and this is without waiver of my objection that he is entitled to either one.

"THE COURT: I will overrule and allow him to read whichever one he desires, and allow you to cross examine or read up to the issue so desired into the record. If there is a discrepancy I will allow you to read the discrepancy into evidence."

The trial began on Tuesday. The foregoing evidence was introduced on Wednesday.

2. In Thompson v. State, 106 Ala. 67, 75, 17 So. 512, 514, the court held insufficient the predicate described as follows: "* * * The evidence was, without conflict, that the witness was a minor, and his home was with his father, in the county in which the trial was had, and that when he left home, but a short time before the trial for the State of Florida, it was avowedly for a mere temporary purpose, and with the intent of returning to the term of the court at which the trial was had. The opposing evidence is that of a witness who, two days before the trial, saw the witness in Florida, and he declared that he had a job of work, and intended to remain, and was not coming to court. The reasonable hypothesis the evidence supports, is not that the witness had permanently abandoned, or intended a permanent abandonment of

that he had gone to New Orleans, and that he would not be back the following Tuesday. This falls short of a clear showing that Cooper had left the state permanently or for such an indefinite time that his return was contingent and uncertain.

The transcript of Cooper's testimony given in the prior case was hearsay and inadmissible unless a predicate was laid sufficient to bring the transcript within one of the recognized exceptions. The predicate was insufficient to do this, and, for admitting the prior testimony over defendant's objection, the judgment is reversed.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.

his home in this state; that his absence was merely temporary. Though the time of returning is not shown affirmatively, it is not shown to have been uncertain and contingent. There was no duty resting upon the witness to return to that term of the court, or to be present at the trial of the case. He had not been summoned, nor was he under bond for appearance, so far as is shown, nor had the state any reason to expect his appearance or presence. * * *"

In Southern Railway Co. v. Bonner, 141 Ala. 517, 526, 527, 37 So. 702, this court said:

"An error which must work a reversal occurred in the admission, against defendant's objection, of evidence as to what one Everly testified on a former trial. * * * The evidence constituting the predicate for proof of what Everly had testified was the testimony of a witness wherein he said with reference to Everly 'I don't know exactly

where he lives, I saw him about three or four months ago at Cullman, and asked what he was doing and he said he was switching on some line in Texas; I know he is living in Texas,' and this statement on cross examination, 'I know he is living in Texas because he told me then he was living in Texas.' This, with nothing else to show Everly's whereabouts and nothing to show a search for or an effort to procure his attendance at court, falls short of fulfilling the measure of proof required to lay the predicate."

In Hines v. Miniard, 208 Ala. 176, 94 So. 302, this court held the predicate insufficient. Predicate was as follows:

" 'Q. Where is he living now?

"Counsel: We object to that.

" 'A. Gary, Ind.'

"Objection by defendant being sustained by the court, plaintiff asked the witness.

" 'Q. Where is he now? A. He is in Gary, Ind. Q. How long has he been living there? A. He has been there a little more than a year now.' " (208 Ala. at page 178, 94 So. at page 303).

In Liverpool & London & Globe Ins. Co. v. Dickinson, 244 Ala. 381, 383, 13 So.2d 570, 572, this court held it not error to sustain objection to prior testimony, saying:

"The testimony offered as a predicate for the witness Moore was to the effect that he was employed out of the state but tended to show that he had not changed his residence and that his family lived in Mobile, Alabama. That his absence was at best temporary and that he had not been subpoenaed. . . ."