HOLMES, Judge.
This is an insurance case.
The dispositive issue on appeal is whether the plaintiff-Minchew had an insurable interest in the destroyed property. We find *325 the trial court’s conclusion that the plaintiff had an insurable interest is supported by the evidence. However, there is not sufficient proof as to the amount of damages and we must affirm conditionally.
The record reveals that the plaintiff obtained a policy of insurance from the defendant insurance company. The policy covered a dwelling house and its contents for loss from fire. The dwelling house and contents were destroyed by fire. The insurance company refused to pay the plaintiff for the loss and suit was brought by the plaintiff against the defendant on the policy. The trial court, after an ore ten us hearing, found for the plaintiff and the defendant-insurance company appeals.
It is the insurance company’s position that the plaintiff did not have an insurable interest in the property at the time of the loss. The defendant-insurance company bottoms its contention on the general premise that prior to the loss, the plaintiff, in a divorce proceeding conveyed his interest in the property to his ex-wife and, therefore, the plaintiff had no insurable interest.
Viewing the evidence as presented to the trial judge with the attendant presumption of correctness, we find the following:
In 1974, the plaintiff and his wife were divorced. By the terms of the decree, all of the plaintiff’s interest in a dwelling house were conveyed to his wife. Thereafter, in 1975, the plaintiff purchased the policy which is the basis of this suit. In 1977, the dwelling and contents were destroyed by fire.
Immediately after the divorce, in 1974, the parties continued to live together. In fact, the evening of the divorce the plaintiff and his wife went for “steaks” with friends. Thereafter, they continued to live together in the dwelling destroyed by the fire and were living together at the time of trial. Put another way, there was evidence that the divorce did not affect their living together and relationship. In fact, there is some inference that the divorce improved their “marriage.”
Both parties testified they recognized each other as husband and wife after the divorce. The following is found in the record:
“Q Did you recognize her as your wife after this divorce?
“A I sure did. Me and her live happy.”
While there is a paucity of evidence regarding a common-law marriage, we find there is sufficient evidence and the reasonable tendencies therefrom to support the trial court’s apparent conclusion that there was such a marriage after the divorce.
It is well settled law in this state that common-law marriages are valid where (1) the parties have capacity to enter into the marital relationship, (2) there is a present agreement between the parties to be husband and wife, and (3) the parties consummate the marriage. Piel v. Brown, Ala., 361 So.2d 90 (1978).
In the case before us there is apparently no disagreement between the parties concerning the elements of capacity or consummation (cohabitation). The defendant, as we perceive his argument, does not contend in brief that there is a lack of proof the husband and wife had mutually agreed to cohabit in a marital relationship, but contends however that, inasmuch as they had intended to later have a ceremony performed, the common-law marriage cannot be recognized.
This contention is not well taken because a common-law marriage need not be solemnized in any particular ceremony in order to be valid. Huffmaster v. Huffmaster, 279 Ala. 594, 188 So.2d 552 (1966). In Huffmaster, supra, the fact that the husband and wife had never “gotten around to getting married,” although they had stated they intended to do so, did not preclude the finding that their marriage at common law was valid. The court’s language is instructive:
“Under this set of circumstances we believe the trial court was justified in finding that a common law marriage existed between these parties. It is axiomatic that such a marriage need not be *326 solemnized in any particular ceremony.

“We are further persuaded by the rule enunciated in King v. King, 269 Ala. 468, 114 So.2d 145, where Justice Lawson said:
“ ‘The mere fact that the parties could not get together on the time when and the place where they were to have another ceremonial marriage is not sufficient to overcome the presumption of the common-law marriage and the evidence which we think tends to show that they had an actual and mutual agreement to enter into a matrimonial relation, permanent and exclusive of all others, which was consummated by their cohabitation as man and wife and by their mutual assumption openly of marital duties and obligations. . . . ’ ” [Citations omitted.] (279 Ala. at 595-96, 188 So.2d at 554)
In this instance, we find no error in the learned trial judge’s conclusion that a common-law marriage existed between the plaintiff and his wife.
Having found there was a common-law marriage, we must now determine if such fact gives to the plaintiff an insurable interest in the property. We find that it does give rise to such an interest. As the supreme court stated in North British & Mercantile Ins. Co. v. Sciandra, 256 Ala. 409, 417, 54 So.2d 764, 771 (1951):
“In Appleman on Insurance Law and Practice, Vol. 4, § 2149, it is said: ‘Despite all the restrictions which the courts have placed around the husband, they seem to have held unanimously that the husband has an insurable interest in the homestead on which he resides with his wife and family, even though title thereto is in the wife. Of course, where the homestead had been jointly deeded to the husband and the wife, even less question could arise.’ . . . [I]t is pointed out that the rule rests upon the basis that the spouse has a pecuniary or beneficial interest and would suffer a disadvantage from its loss.” [Citations omitted.]
It is clear to this court that Sciandra stands for the proposition that the husband has an insurable interest in the homestead even though title to the homestead is held solely in the name of the wife. It is equally as clear that there is sufficient evidence that the dwelling in question was the homestead. We, therefore, find no reversible error regarding this aspect of the appeal.
In addition to the above, the defendant-insurance company contends that there was no proof as to the value of the contents and therefore concludes that there can be no recovery for the contents.[1]
The only evidence as to the value of the contents is the following:
“Q Did your clothes and all burn up in that fire?
“A Yes, everything burned up.”
While this is clearly competent evidence to establish the fact of the loss of the contents of the home, it is not sufficient evidence to sustain proof of the amount of such loss. The plaintiff in a case such as this is not entitled to recover damages where the value of the property destroyed has not been established by evidence. See, e. g., Manchester Fire Assur. Co. v. Feibelman, 118 Ala. 308, 23 So. 759 (1898). This is so because the insurer’s denial of liability, regardless of the grounds, carries with it the condition that the insured must prove the extent of his loss. Finer Amusements, Inc. v. Citizens Ins. Co. of New Jersey, 327 F.2d 773 (7th Cir. 1964). See also Liverpool & London & Globe Ins. Co. v. Dickinson, 244 Ala. 381, 13 So.2d 570 (1943). Here, the plaintiff established the value of the house at the time of the loss at $32,000, but the record is totally barren as to any evidence indicating the value of its contents.
It is, therefore, the judgment of this court that in view of the above, the judgment of the trial court will stand reversed and the case remanded unless the plaintiff-appellee shall within thirty days file an *327 appropriate remittitur of $2,000. If appel-lee does file such remittitur, the judgment will be restored by such amount and affirmed.
AFFIRMED CONDITIONALLY.
WRIGHT, P. J., and BRADLEY, J., concur.

. The policy which was introduced into evidence provided $7,000 coverage for the dwell-' ing and $2,000 for the contents. The judgment was for $9,000. There was sufficient evidence regarding the value of the dwelling.