Randy Lee Matkins was convicted of the murder of James Willie Askins, Jr., and was sentenced to life imprisonment without parole as a habitual felony offender. On appeal, his conviction was reversed. Matkins v. State, 497 So.2d 194 (Ala.Cr.App. 1985), affirmed, 497 So.2d 201 (Ala. 1986). Upon retrial, Matkins was again convicted of murder and sentenced to life imprisonment *Page 1041 
without parole. One issue is raised on appeal from that second conviction.
The record reveals that State witnesses Deloris Askins, Morris Dean Askins, and Carl Hereford testified during Matkins' first trial. These witnesses were not present at the second trial. Larry Smith, an investigator for the Madison County District Attorney's Office, testified at the second trial that he "got a new address and phone number" from Deloris Askins during the previous trial and discovered that she was residing in Birmingham, Alabama. Smith stated that two weeks before the second trial he "tried to make telephone contact [with Ms. Askins] and was finally successful at the number she left, but she no longer was at that number, nor did they know her, the number had been reassigned within the last six months to another party." Smith "asked an investigator with the Jefferson County District Attorney's Office to see if he could get a lead on her but he was unsuccessful in his efforts."
Smith also testified that he had attempted to locate Morris Dean Askins. He first contacted the Madison County Jail because he "understood" that Mr. Askins "might have been in jail," but he was "not currently incarcerated." He spoke "to other witnesses at the trial concerning his whereabouts and whether they had seen him." Smith stated that he had a telephone number in Athens, Alabama, which he "tried in the morning and in the evening and on the weekends." He was unsuccessful in contacting Mr. Askins at that number. Smith "also requested the assistance of the Limestone County Sheriff's Department," but was unsuccessful in locating Mr. Askins.
Smith further testified that he had not "made any extraordinary attempts to locate Carl Hereford." He stated that he had "asked about him in the local community," but no one had seen him.
The trial judge permitted the prosecutor to read the prior testimony of the three absent witnesses. Matkins contends that the State failed to establish the proper predicate to justify the admission of the witnesses' former testimony.
"A sufficient predicate for a determination of unavailability is laid when the party offering the [former testimony] shows that it exercised due diligence in seeking the presence of the witness at the trial to no avail." Napier v. State,377 So.2d 1135, 1137 (Ala.Cr.App.), cert. denied, Ex parte Napier,377 So.2d 1138 (Ala. 1979). See Anderson v. State, 362 So.2d 1296,1301 (Ala.Cr.App. 1978); Nolen v. State, 469 So.2d 1326, 1328
(Ala.Cr.App. 1985).
 "Under Barber v. Page, 390 U.S. 719, 724-725, 88 S.Ct. 1318, 1321-22, 20 L.Ed. 2d 255 (1968), 'a witness is not "unavailable" for purposes of the . . . exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial.' Ohio v. Roberts, 448 U.S. 56, 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980). 'The length to which the prosecution must go to produce a witness . . . is a question of reasonableness.' California v. Green, 399 U.S. 149, 189, n. 22, 90 S.Ct. 1930, 1951, n. 22, 26 L.Ed.2d 489 (1970). 'The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness.' Roberts, 448 U.S. at 74, 100 S.Ct. at 2543." Hawkins v. State, 443 So.2d 1312, 1315 (Ala.Cr.App. 1983).
"[T]he party offering [a transcript of the testimony of a witness from a prior judicial proceeding] assumes the burden of showing to the court that he has exercised due diligence to find the witness." Williams v. Calloway, 281 Ala. 249, 252,201 So.2d 506 (1967). The necessity for the use of the prior testimony "ought to be clearly shown." Williams,281 Ala. at 252, 201 So.2d 506.
The issue in this case is the sufficiency of the State's efforts to procure the missing witnesses' attendance to justify the admission of their former testimony at the defendant's second trial. Generally, see Annot., 3 A.L.R.4th 87 (1981). Although the State may have done more to secure the attendance of the missing witnesses at the trial, it did exercise due diligence. Its efforts were made in good *Page 1042 
faith and were reasonable. Alexander v. State, 418 So.2d 973,978 (Ala.Cr.App. 1982); Nolen v. State, 469 So.2d at 1329. Matkins argues that "there was no showing that subpoenas had been issued to the witnesses," (Appellant's Brief, p. 9); however, "the facts of this case suggest that such an effort would have been a useless gesture as the State had no address at which to serve any subpoena. 'The law does not require the doing of a futile act.' Roberts, 448 U.S. at 74,100 S.Ct. at 2543." Hawkins v. State, 443 So.2d at 1315.
"The sufficiency of the proof of the predicate of unavailability of an absent witness is addressed to the sound discretion of the trial judge." Napier v. State, 377 So.2d at 1138; Washington v. State, 274 Ala. 386, 389, 148 So.2d 206
(1962). This Court finds no evidence that the trial judge abused his discretion in determining the unavailability of Deloris Askins and Morris Dean Askins.
Smith stated that no "extraordinary attempts" had been made to locate Carl Hereford and he had only "asked about him in the local community." This predicate was not sufficient. "[T]he mere fact that, after diligent search, [the witness] was not found at her usual place of residence, or in the county, shows no more than a present disappearance, consistent with the hypothesis that it was merely temporary and that she was elsewhere in the state, subject to the process and jurisdiction of the court." Mitchell v. State, 114 Ala. 1, 22 So. 71 (1897). See also Bardin v. State, 143 Ala. 74, 38 So. 833 (1905).
However, "inasmuch as the testimony was merely cumulative and in light of the record taken as a whole, any error was harmless." United States v. Wells, 525 F.2d 974, 976 (5th Cir. 1976). See Rule 45, A.R.A.P.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.