Appellant, Peggy Ann Rouse, was convicted, after a jury trial, for the offense of murder, in violation of § 13A-6-2, Code of Alabama 1975, and was sentenced to 30 years' imprisonment. She appeals, raising two issues.
Appellant was the wife of the victim. She testified that, on the day of the killing, she discovered that her husband had engaged in sexual intercourse with her 15-year-old daughter by a previous marriage. She stated that an argument ensued and that, when she tried to call the police, the victim pointed a pistol at her and threatened to kill her and her children. She said she obtained her .38 caliber pistol from *Page 644 
under a chair cushion and fired five shots at the victim, emptying the weapon. The victim was struck by at least three .38 caliber bullets and, as a result, died almost instantly. Three of the entry wounds were in the victim's back and were "contact" wounds, i.e., the muzzle of the gun was apparently pressed against the body of the victim or was very near it when the shots were fired. The police found another pistol near the victim's body. It was a .32 caliber weapon, and contained no bullets. When the police arrived at the scene, they found the deceased's body in a sleeping bag and lying on the living room floor. A pillow case had been pulled over the victim's head. About two weeks after the shooting, appellant volunteered a statement to a police officer as follows: "You know, I'm the one that shot my husband two weeks ago. He was messing with demon drugs, and I killed him." Appellant claimed self defense. She testified that the victim was pointing a pistol at her and threatening to kill her and her children at the time she shot him, and that she did it in defense of herself and her children.
Appellant first contends that the trial court committed reversible error by admitting into evidence the testimony of a state witness taken at an earlier trial. At that earlier trial of the instant case, which resulted in a mistrial due to a death in a juror's immediate family, the state medical examiner, Dr. James Lauridson, who performed an autopsy on the victim's body, testified in detail as to his findings. At the second trial, which resulted in appellant's conviction from which she now appeals, the trial court admitted the testimony of Dr. Lauridson taken at the first trial, over appellant's objection, on a showing by the state that Dr. Lauridson was temporarily out of the state and his whereabouts were unknown. The record shows that a subpoena was issued for Dr. Lauridson at the state's request and that it was left at his office on July 17, 1987; however, he had departed the previous day, July 16, for Colorado on his annual vacation with his family, and without knowledge of the subpoena. No one knew his whereabouts or how to get in touch with him. He was due to return on July 29, 1987. The trial commenced on July 20, and the first that appellant knew of the absence of Dr. Lauridson was when the prosecutor on the day of trial asked appellant to agree to a stipulation of Dr. Lauridson's testimony. Appellant refused. Appellant objected to the introduction of the transcript of the testimony from the previous trial on the grounds that a sufficient predicate had not been laid for its introduction and that its admission, under such circumstances, would deny her her constitutional right of confrontation under the Sixth andFourteenth Amendments to the United States Constitution. Appellant argued to the trial court that a temporary absence from the state was not recognized as a proper predicate for introduction of a witness's prior testimony, relying onLiverpool London Globe Ins. Co. v. Dickinson, 244 Ala. 381,13 So.2d 570 (1943). After a hearing, appellant's objections were overruled. We note, at this point, that the case action summary in the file reflects that a motion for continuance was made and denied; however, the transcript is silent in this regard. The lengthy and detailed testimony given by Dr. Lauridson at the previous trial was read into evidence by the state. The record of the first trial shows that appellant was represented by different counsel at the time, and reflects extensive cross-examination of Dr. Lauridson.
The general rule regarding the use of former testimony is stated in C. Gamble, McElroy's Alabama Evidence (3d ed. 1977), as follows:
 "The testimony of a witness, in a former trial or action, given (1) under oath, (2) before a tribunal or officer having by law the authority to take testimony and legally requiring an opportunity for cross-examination, (3) under circumstances affording the party against whom the witness was offered an opportunity to test his credibility by cross-examination and (4) given in a litigation in which the issues and parties were substantially the same as in the present cause, is receivable as evidence in the present trial (5) when the personal attendance of the witness *Page 645 
to testify in the present trial is not feasible."
Id. at § 245.07(1) (footnote omitted).
 "The present rule is customarily categorized as an exception to the hearsay evidence rule. There are several exceptions which admit testimony rendered outside the courtroom upon the theory that such is necessary and reliable. The necessity which serves as the basis of the present rule is that the testimony will be entirely lost if it cannot be admitted in the subsequent proceedings. This evidence is trustworthy and reliable because the party against whom it is now offered had the opportunity to cross-examine the witness in the former proceeding."
Id. at 245.07(2) (footnote omitted).
 "In order for former testimony to be admissible in present litigation, proof must be made to the reasonable satisfaction of the trial judge that the personal attendance of the witness at court is not procurable or, if procurable, is ineffective, in consequence of legally recognized causes, to procure his testimony. The following causes of nonproduction of the witness have been held sufficient: that the witness is dead: that the witness is permanently or indefinitely absent from the state; that the witness cannot be found after diligent search; that the witness is in military service in time of war; that the witness is now ill and, in all probability, will never be able to testify again; that the opponent has caused the witness to be absent; that the witness is now insane; that the witness has become disqualified by facts occurring subsequent to the former trial if, but only if, the party now offering the former testimony is not responsible for such disqualification and that the witness now avails himself or herself of a privilege not to testify."
Id. at § 245.07(8) (footnote omitted). See also Nolen v. State,469 So.2d 1326 (Ala.Cr.App. 1985); Anderson v. State,362 So.2d 1296 (Ala.Cr.App. 1978).
"The accused has a constitutional right of confrontation and cross examination which is an essential and fundamental requirement of a fair trial." Anderson v. State,362 So.2d at 1301. See also Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318,20 L.Ed.2d 255 (1968); Pointer v. Texas, 380 U.S. 400,85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Douglas v. Alabama, 380 U.S. 415,85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). The right of confrontation envisions that the defendant must not be denied the opportunity to challenge his accusers in a face-to-face direct encounter before the trier of fact. Ohio v. Roberts,448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). There is an exception to the confrontation requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant. Barber v. Page; Mattox v.United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). However, this exception arises from necessity and is justified on the ground that the right of cross-examination initially afforded substantially complies with the confrontation requirements. Ohio v. Roberts; Barber v. Page; McElroy's § 245.07(2), supra.
 "The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case (including cases where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant. See Mancusi v. Stubbs, 408 U.S. 204 [92 S.Ct. 2308, 33 L.Ed.2d 293] (1972); Barber v. Page, 390 U.S. 719
[88 S.Ct. 1318, 20 L.Ed.2d 255] (1968). See also Motes v. United States, 178 U.S. 458 [20 S.Ct. 993, 44 L.Ed. 1150] (1900); California v. Green, 399 U.S. [149] 161-162, 165, 167, n. 16 [90 S.Ct. 1930, 1936-1937, 1938-39, 1939 n. 16, 26 L.Ed.2d 489] [1970]." (Footnote omitted.)
 "The second aspect operates once a witness is shown to be unavailable. Reflecting *Page 646 
its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause contenances only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule.' Snyder v. Massachusetts, 291 U.S. [97], at 107 [54 S.Ct. 330, 333, 78 L.Ed. 674 (1934)].
". . . .
 "In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness."
448 U.S. at 65-66, 100 S.Ct. at 2539 (footnotes omitted).
 "The basic litmus of Sixth Amendment unavailability is established: '[A] witness is not "unavailable" for purposes of . . . the exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial.' Barber v. Page, 390 U.S., at 724-725
[88 S.Ct. at 1322]. Accord, Mancusi v. Stubbs, supra; California v. Green, 399 U.S., at 161-162, 165, 167, n. 16 [90 S.Ct. at 19361937, 1938-39, 1939 n. 16]; Berger v. California, 393 U.S. 314 [89 S.Ct. 540, 21 L.Ed.2d 508] (1969)."
448 U.S. at 74, 100 S.Ct. at 2543 (emphasis in original). See also Matkins v. State, 521 So.2d 1040 (Ala.Cr.App. 1987); Nolenv. State, 469 So.2d 1326 (Ala.Cr.App. 1985); Hawkins v. State,443 So.2d 1312 (Ala.Cr.App. 1983); Anderson v. State.
In reviewing the instant case in light of the legal principles referred to above, we conclude that the prosecution failed to meet its burden of demonstrating that Dr. Lauridson was constitutionally unavailable for purposes of appellant's trial. The witness was only temporarily absent from the state, and no real effort was made by the state to locate the witness and get him back for the trial. In addition, the tardiness in notifying the witness of the impending trial must be weighed against the state. In our opinion, the prosecution did not make a good faith effort to obtain the presence of the witness. "The constitutional right of confrontation and cross examination to the extent guaranteed by the Sixth and Fourteenth Amendments cannot be sidestepped because it happens to be convenient for one of the parties." Holman v. Washington, 364 F.2d 618, 623
(5th Cir. 1966). Mere absence does not establish unavailability. Williams v. Calloway, 281 Ala. 249,201 So.2d 506 (1967); Liverpool London Globe Ins. Co. v. Dickinson;Sims v. State, 139 Ala. 74, 36 So. 138 (1904); E. Cleary,McCormick on Evidence § 253 (3d ed. 1984); 5 Wigmore, Evidence
§ 1404 (Chadbourn rev. 1974).
Having failed to demonstrate the unavailability of the witness, the state, therefore, fails to establish the required necessity for using the testimony from the prior trial. It follows that the use of the transcript of the prior testimony of Dr. Lauridson to obtain a conviction of appellant denied appellant her constitutional right to confront the witness against her.
Appellee argues that, even if the admission of Dr. Lauridson's testimony was error, it was harmless, citing A.R.A.P. 45. We do not agree. Dr. Lauridson's testimony was the centerpiece of the state's case. His testimony describing the points of entry of the bullets into the victim's body, the proximity of the pistol to the body when the shots were fired, the stippling, powder burns and soot in the wounds, and the path of the bullets in the body, as well as the description of the injuries, served to contradict the testimony of appellant and cast doubt upon her theory of self defense. While some of the facts *Page 647 
to which Dr. Lauridson testified were brought out by other witnesses, it cannot be seriously contended that his testimony was merely cumulative, as urged by appellee. In fact, it is highly likely that his testimony brought about the murder conviction.
Violations of some constitutional rights may be considered harmless error.[1] Rose v. Clark, 478 U.S. 570, 106 S.Ct. 3101,92 L.Ed.2d 460 (1986), and cases cited therein; Rushen v. Spain,464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983); Chapman v.California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967);United States v. McDonald, 620 F.2d 559 (5th Cir. 1980), appeal after remand, 672 F.2d 864 (11th Cir. 1982); Ex parte Stout,547 So.2d 901 (Ala. 1989); Scott v. State, 337 So.2d 1342
(Ala.Cr.App. 1976). The admission of hearsay evidence in violation of the accused's constitutional right of confrontation is not automatically a ground for reversal.Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056,31 L.Ed.2d 340 (1972); Harrington v. California, 395 U.S. 250,89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Motes v. United States,178 U.S. 458, 20 S.Ct. 993, 44 L.Ed. 1150 (1900).
In deciding whether the erroneous admission of Dr. Lauridson's testimony was harmless, we must base our decision on our reading of the entire record and on what seems to us to have been the impact of the testimony on the jury.Harrington v. California. In order for an error involving a denial of a federal constitutional right to be held harmless in a state criminal case, the reviewing court must be satisfied beyond a reasonable doubt that the error did not contribute to the defendant's conviction. Rose v. Clark; Chapman v.California. After reviewing the record in this case, we are not willing to declare a belief that the admission of Dr. Lauridson's testimony was harmless beyond a reasonable doubt. The denial of appellant's right of confrontation requires a reversal of this case.
We decline to address the remaining issue on appeal, as it probably will not arise upon another trial.
REVERSED AND REMANDED.
All Judges concur.
[1] There are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.Chapman v. California, 386 U.S. 18, 23 n. 8, 87 S.Ct. 824, 828
n. 8, 17 L.Ed.2d 705 (1967); Rose v. Clark, 478 U.S. 570, 577,106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986), and cases cited therein.