A Mobile County Circuit Court jury found the appellant, Darrel Ray Arthers, guilty of the murder of his ex-wife. He was sentenced to life imprisonment.
Arthers contends that reversible error was committed when the trial court admitted certain hospital records into evidence as State's Exhibit 25. Those records concerned events that occurred the night before the murder when both the deceased and appellant apparently attempted to commit suicide by drug overdose. The specific portion of those records to which appellant objects is a handwritten notation on an emergency room record concerning appellant that reads as follows: "despondant [sic] — stated that he would kill his wife if she didn't take the pills."
Appellant claims that that emergency room notation was inadmissible hearsay, since the person who made the notation was not available in court for confrontation and cross-examination.
After careful consideration, we find that the portion of the hospital record in question was indeed inadmissible under the particular circumstances of this case.
Section 12-21-5, Code of Alabama 1975, provides for the admissibility of certain *Page 974 
hospital records. That statute reads as follows:
 "When the original would be admissible in any case or proceeding in a court in the state, a certified copy of the hospital records of any hospital organized or operated under or pursuant to the laws of Alabama, including records of admission, medical, hospital, occupational, disease, injury and disability histories, temperature and other charts, X rays and written interpretations thereof, pictures, photographs, files, written orders, directions, findings and reports and interpretations of physicians, doctors, surgeons, pathologists, radiologists, specialists, dentists, technicians and nurses, as well as of all employees of such hospital, forming a part of such hospital records as to the health, condition, state, injuries, sickness, disease, mental, physical and nervous disorders, duration and character of disabilities, diagnosis, prognosis, progress, wounds, cuts, contusions, lacerations, breaks, loss of blood, incisions, operations, injuries, examinations, tests, transfusions, hospitalization and duration thereof, medication, medicines, supplies, treatment and care and the cost, expenses, fees and charges therefor and thereof, a part of, or shown on or in, said hospital records of any patient in said hospital, when certified and affirmed by the custodian of said hospital records as provided in section 12-21-7, shall be admissible in evidence, without further proof in any court in the state where admissible, if and when said hospital records were made and kept in the usual and regular course of business of said hospital and it was in the regular course of business of said hospital to make and keep said records and that said records were made at the time of such acts, transactions, occurrences or events therein referred to occurred or arose or were made, or within a reasonable time thereafter." (Acts 1965, 2nd Ex.Sess., No. 77, p. 102, § 1.)
The purpose of this provision is merely to provide a procedure by which properly certified records may be introduced into evidence without the necessity for the presence of the custodian of the record and without production of the original record. See Section 12-21-5, Code of Alabama 1975, and annotations thereto.
This section does not authorize the admission of all hospital records without exception. Whetstone v. State, 407 So.2d 854
(Ala.Crim.App. 1981). The rules of evidence apply to the contents of any record qualified under this statute and the accused may object to any portion of records admitted under this code section. Whetstone, supra. (For a related discussion see the annotation at 69 A.L.R.3d 22 (1976). It is true that "a statement by the accused, before the time of the alleged criminal act, asserting a design or emotion in him which points to his guilt is admissible against him as an admission." C. Gamble, McElroy's Alabama Evidence, § 264.01 (3d ed. 1977). However, as this court has previously pointed out, an exceptional circumstance may exist where the contents of a hospital record are used to prove a material element in a criminal prosecution; in such case there arises a "strong probability" that a defendant may be denied his constitutional right to cross-examine and confront a witness. Lowery v. State,55 Ala. App. 514, 317 So.2d 365, cert. denied, 294 Ala. 763,317 So.2d 372 (1975).
A defense theory of the case is that appellant accidentally shot his ex-wife when he stepped up on a chair to remove a gun from a rack and the chair broke.
Certainly a statement made by Arthers that he would kill his wife if she did not take pills would be impossible for the jury to ignore; the statement was extremely relevant to prove intent, a material element under our murder statute. See Ala. Code Section 13A-6-2 (a)(1) (1975).
In the case of Gregory v. State, 40 Md. App. 297,391 A.2d 437 (Md.Ct.Spec.App. 1978), the court made the following statement:
 "The mere fact that a document is part of a hospital record made in the ordinary course of the hospital's business, and *Page 975 
may therefore be admissible under the hearsay rule, does not ipso facto make its admission comply with the confrontation requirement."
That court went further and listed a number of questions that might be considered in resolving the question of admissibility of a hospital record in light of the confrontation clause. Those questions included the following:
 "What evidence is contained in it? For what purpose is it offered? Does the statement in it relate directly and critically to the defendant's guilt or innocence, or does it pertain to collateral issues? Is the document primarily testimonial or is it merely the recordation of a fact and easily and reliably proved by the document itself as by live testimony? If testimonial in nature, why is the author of the statements contained in it not in court? Is the information contained in it of a type that one may reasonably suppose its mere recordation in the ordinary course of business lends a sufficient reliability to be acceptable as trustworthy evidence?"
In the instant case, there was no accounting made for the absence of the recorder of the statement, whoever he may have been. The statement was being offered to prove a vital portion of the State's case and while we realize that other circumstantial evidence presented at trial could have been used to prove intent, the contents of the notation were too damaging to the defense theory of accident to be categorized as harmless. The notation was testimonial in nature, rather than mere recordation of fact, and we must agree with appellant that using such a method to prove intent does not afford him the opportunity to test the contents of the statement or the circumstances under which it was made by questioning the individual who made the notation.
The notation was, of course, multiple hearsay and as such it is "even more vulnerable to all the objections which attach to simply hearsay." C. Cleary, McCormick on Evidence, § 246 (2d ed. 1972).
In the case of an opinion offered by hospital record,
 "no cross-examination is possible. Consequently, there is a tendency somewhat to limit those opinions which can be introduced by this method. The admissibility of ordinary diagnostic findings customarily based on objective data and not usually presenting more than average difficulty of interpretation is usually conceded. On the other end of the continuum, diagnostic opinions which on their face are speculative are reasonably excluded. In the absence of the availability of the declarant for explanation and cross-examination, the probative value of this evidence is outweighed by the danger that it will be abused or mislead the jury. . . . [I]t would not be unreasonable in borderline cases to permit introduction of the record only if the declarant were produced for cross-examination."
(Emphasis added.) McCormick, supra, § 313.
Certainly an even more stringent standard must be applied where, as in the instant case, a statement is recorded in a hospital record that does not qualify in any way as a diagnostic opinion.
We must conclude that the admission of the hospital record, State's Exhibit 25, over the objections of the defendant, constituted reversible error, and therefore, the judgment of the lower court is due to be reversed and the cause remanded.
We do not deem it necessary to address the other issue presented by appellant in his brief, as it is unlikely it will arise in a new trial; however, we point out that there is no privilege covering communications between a physician and his patient in this state. Horne v. Patton, 291 Ala. 701,287 So.2d 824 (1973); C. Gamble, McElroy's Alabama Evidence, § 413.01 (3d ed. 1977).
REVERSED AND REMANDED. *Page 976