In 1984, Kenneth Joseph Fortier, Jr., was convicted of robbery in the first degree and sentenced as a habitual offender to life imprisonment without the possibility of parole. *Page 1042 
That conviction was reversed on appeal on the finding by this Court that incriminating evidence was found as a direct result of police interrogation of the defendant after he had unequivocally invoked his Fifth Amendment right to counsel.Fortier v. State, 515 So.2d 101, 110 (Ala.Cr.App. 1987), cert. denied, 484 U.S. 1043, 108 S.Ct. 776, 98 L.Ed.2d 862 (1988).
On remand, the defendant filed a motion to dismiss the indictment on the grounds that the evidence at his 1984 trial was insufficient to support his conviction and that any further prosecution would subject him to double jeopardy. This motion was overruled by the circuit court. The defendant then reserved the right to appeal this issue and pleaded guilty to the original three counts of robbery in the first degree. He received a concurrent sentence of 20 years' imprisonment on each count. This appeal is from those guilty plea convictions.
The defendant contends that the State's evidence in the 1984 trial "was plainly insufficient to support his convictions for robbery in the first degree." Appellant's brief at 3. He argues that prosecution witness Tammy Gamso was an accomplice and that the convictions rest on the uncorroborated testimony of an accomplice. Once again, we reject this argument.
This Court addressed this issue in our opinion reversing the defendant's 1984 conviction. We now reaffirm what we stated then. An abridgment of that part of our opinion dealing with this issue follows:
 "We must, therefore, determine whether the State's case was legally sufficient insofar as it related to the accomplice corroboration issue.
 "The first question is whether Tammy Gamso was an accomplice.
". . . .
 "Tammy Gamso neither admitted nor denied her participation in the robbery. . . .
". . . .
 "Based on the foregoing principles, Ms. Gamso's testimony was susceptible to different inferences regarding whether or not she was an accomplice in the robbery. Therefore, she was not an accomplice as a matter of law. . . .
 "Our conclusion that Ms. Gamso's complicity was a disputed question properly submitted to the jury means that the court's denial of appellant's motion for judgment of acquittal was not error. . . .
". . . .
 "Aside from the testimony of Ms. Gasmo, which was sufficient in itself to identify the defendant as a perpetrator of the robbery, the State presented the additional circumstantial evidence that, several hours after a robbery in which two black males were believed to have fled in a light-colored older model Mercedes, the defendant and another black male alighted from an older model light blue Mercedes at the location where Ms. Gamso was attempting to use a credit card stolen in the robbery. The State's evidence was sufficient to establish a prima facie case of robbery in the first degree."
Fortier, 515 So.2d at 104-06.
In reaffirming our prior determination of the sufficiency of the evidence to support the defendant's conviction, we have not considered the evidence for which the defendant's 1984 conviction was reversed; that being the admission of the .38 automatic pistol found during the search of the defendant's apartment.
The defendant's argument that this Court did not read the record "properly" only supports our finding that the issue of Ms. Gasmo's complicity was a disputed factual question properly submitted to the jury.
Burks v. United States, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150,57 L.Ed.2d 1 (1978), held that when a defendant's conviction is reversed by an appellate court on the sole ground that the evidence was insufficient to sustain the jury's verdict, the Double Jeopardy Clause of the Fifth Amendment bars a retrial on the same charge. However, the Double Jeopardy Clause allows a retrial where the reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against the defendant, even *Page 1043 
where the court also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction. Lockhart v. Nelson, 488 U.S. 33, 40, 109 S.Ct. 285,290, 102 L.Ed.2d 265 (1988). Upon this authority, we find that the continued prosecution of the defendant, resulting in his guilty pleas, was not barred by principles of former jeopardy.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.