The State of Alabama appeals following a hearing before the circuit court on the appellee's motion to suppress a search warrant pursuant to which his residence had been searched.
Only one issue arises from the hearing in circuit court. Pursuant to the appellee's motion, the circuit court granted the appellee's motion to suppress the search warrant at issue, hereafter quoted, and ordered that the marijuana seized at the appellee's home as a result of the search be suppressed.
We are of the opinion that the trial court erred in so doing.
 I
The search warrant at issue in this cause reads as follows:
"SEARCH WARRANT
"STATE OF ALABAMA
"ETOWAH COUNTY *Page 1268 
 "TO THE SHERIFF OR ANY CONSTABLE OF ETOWAH COUNTY, ALABAMA OR TO ANY OTHER LAWFUL OFFICER OF THE STATE OF ALABAMA AUTHORIZED TO SERVE THIS WARRANT:
 "Proof by sworn affidavit having been made before me on this day by Hugh Cox that he (she) has probable cause for believing and does believe that Marijuana is being held, kept or stored at 245 Russell St., Gadsden, AL and all outside buildings or vehicles located at this address and that said property (Check Applicable Block)
". . . .
". . . .
 "[x] is on said premises in the possession of a person or persons with intent to use it as a means of committing a public offense, to-wit: (Fully Describe Offense) 20-2-70 of the Alabama Controlled Substance[s] Act.
". . . .
"Contrary to the Laws of the State of Alabama.
 "NOW, THEREFORE, by virtue of the authority given to me by Chapter 5, Title 15 CODE OF ALABAMA 1975, you are commanded . . ., "[x] AT ANY TIME OF THE DAY OR NIGHT to make a search of the following described premises in Etowah Co., Alabama, to-wit: 245 Russell Street, Gadsden, Al and all outside buildings and vehicles located at this address for the following personal property, to-wit: Marijuana, and if you find the same, or any part thereof, to bring it forthwith before me at my office in __________, Alabama.
 "ISSUED at 10:20 o'clock P.M. on this the 15th day of Jan., 1988.
"/s/ William H. Reah, III
"Judge of the Circuit Court
"of Etowah County, Alabama."
The issue is essentially a very simple one: namely, whether the failure to correctly give the street number in the address in the search warrant is of such a material variance as to make the warrant itself invalid and, therefore, to require that the evidence seized under it be suppressed. The sole issue is whether the description of the appellee's residence as 245 Russell Street, Gadsden, Alabama, when, in fact, the address was 243 Russell Street, Gadsden, Alabama, is such amaterial variance as to invalidate the warrant, or is only a "clerical error", which would not require that the warrant be declared invalid.
We have read the record and the testimony in this cause. We determine that the trial court's reliance on this court's opinion in Finch v. State, 479 So.2d 1314
(Ala.Crim.App. 1985), was misplaced. It is true that the police officer inFinch misidentified the street address at issue by describing it in the warrant as 317 West Watts Street, Enterprise, Alabama, when, in fact, he searched 313 West Watts Street, Enterprise, Alabama. However, the facts of Finch and those of the instant cause are readily distinguishable. In Finch, the officer was not familiar, as the officer in the present case was, with the actual residence of the defendant whose home was searched. There was another home located at 317 West Watts Street when the search took place at 313 West Watts Street.
In the case at bar, there was no house whatever at 245 Russell Street, Gadsden, Alabama, and, in fact, the appellee resided at 243 Russell Street and produced evidence to establish this at trial. This included a warranty deed, mail which had been sent to him at this address, a photograph showing the number 243 on the mailbox in front of the residence, and an engineer's survey designating that the correct street address was 243 Russell Street.
As herein noted, we are of the opinion that the trial court placed too narrow a view on the facts of the case and suppressed the warrant, relying primarily on Finch as aforesaid.
We are of the opinion that here the arresting officer could clearly determine the location sought to be searched from the face of the warrant. See Neugent v. State, 340 So.2d 55
(Ala.Crim.App.), cert. denied, 340 So.2d 60 (Ala. 1976). Luster v.State, 433 So.2d 481 (Ala.Crim.App.), cert. denied (Ala. 1983). *Page 1269 
We are also of the opinion that this court's recent opinion in Helton v. State, 549 So.2d 589 (Ala.Crim.App. 1989), which in turn quotes and relies upon the opinion of the Court of Appeals for the Eighth Circuit in Lyons v. Robinson,783 F.2d 737 (8th Cir. 1985), sets forth the proper test to be applied. There was in Helton a similar misstatement of the street address. We believe this to be a common clerical error, being two digits off. In fact, as the testimony showed, there was no residence at 245 Russell Street in Gadsden. The executing officer, Detective Cox, had been to the defendant's house and knew exactly where the house in question was located.
Considering these facts, it is obvious that the officers knew where they were going and went to the home of this appellee and found the marijuana, which the appellee admitted was his.
We are, therefore, of the opinion that this cause is due to be reversed and remanded for trial. We hold that the address shown in this search warrant was sufficient and that, under the facts, the warrant was valid and the suppression of the evidence was improper.
This cause is reversed and remanded because the warrant in this cause is determined to be legally sufficient under theFourth Amendment to the United States Constitution.
REVERSED AND REMANDED.
All the Judges concur.