Thomas Anthony McIntyre was indicted on two occasions for the unlawful distribution of controlled substances in violation of Ala. Code § 13A-12-211 (Cum.Supp. 1989). The indictments were consolidated for trial, and McIntyre received two convictions for the unlawful distribution of "rock" cocaine, a controlled substance as defined by Ala. Code § 20-2-25(1)(d) (1984). He was sentenced as a habitual offender to concurrent life terms for these convictions, with each life sentence also to run concurrently with outstanding sentences he received in 1984 for five felony convictions. Two issues are raised on appeal.
 I
McIntyre contends that the trial court committed reversible error in sustaining an objection to a question which assumed a fact not in evidence. We disagree.
In his cross-examination of agent John Crawford of the State Alcohol Beverage Control ("ABC") Board, defense counsel asked the witness what was the procedure of the ABC Board in obtaining the proper identification of a suspect. The prosecutor objected to the question on the ground that the question assumed a fact not in evidence — that the ABC Board did have a standard operating procedure to identify a suspect — and the trial court sustained the objection. Defense counsel in his exception to the court's ruling claimed that his question was intended to show that the ABC Board deviated from standard operating procedure in identifying the defendant, Thomas Anthony McIntyre, as the person who sold "rock" cocaine to an undercover agent on two occasions.
"Questions assuming facts not in evidence are objectionable."Crosslin v. State, 489 So.2d 680, 684 (Ala.Cr.App. 1986), cert.denied, 489 So.2d 680 (Ala. 1986). In the case at bar, moreover, the existence of the assumed fact was directly refuted by *Page 365 
subsequent testimony: Defense counsel properly asked Agent Charles Blount of the ABC Board whether running a suspect's name through a computer was "a matter of course or routine", and Agent Blount testified that there was no set procedure for identifying suspects. Hence, the trial court properly sustained the prosecutor's objections to the defense counsel's question which clearly assumed a fact not in evidence.
 II
McIntyre contends that the evidence was insufficient to support the jury's verdicts and the judgments of conviction.
"In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution." Faircloth v. State,471 So.2d 485, 489 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493
(Ala. 1985). Where, moreover, the State establishes a prima facie case, conflicting evidence presents a jury question which is not subject to review on appeal. See Willis v. State,447 So.2d 199, 201 (Ala.Cr.App. 1983).
After examining the evidence and applying the proper standards of review, we find there was sufficient evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that McIntyre was guilty of the crimes as charged.
Robert Chambers, an undercover agent of the ABC Board, testified unequivocally that the defendant, Thomas Anthony McIntyre, was the individual who sold him "rock" cocaine on July 23, 1988, and August 12, 1988, in a Dothan housing project. Agent Blount testified that on August 13, 1988, he verified the identity of the individual who sold the cocaine to Agent Chambers as the defendant, Thomas Anthony McIntyre. Agents Chambers, Crawford and Blount further testified as to the chain of custody of the cocaine which McIntyre sold to Agent Chambers from the time of its seizure by the ABC Board agents to the time of the trial. Finally, Joe Saloom, the director of the Enterprise Laboratory of the Alabama Department of Forensic Sciences, testified that the substances contained in the sealed envelopes which were delivered to Saloom by Agents Blount and Crawford, were cocaine.
The State clearly presented prima facie cases of the unlawful distribution of controlled substances. Although McIntyre attempted to refute this testimony by offering the alibi testimony of the defendant's brother-in-law, Jerry Rabb, Sr., as well as testimony of the defendant and the informant, Ben Stokes, Jr., the trial judge properly submitted the case to the jury, who believed the State's evidence. This court is not a trier of fact. The jury has already made that determination and weighed the credibility of the witnesses.
A careful review of the record reveals no error injuriously affecting the substantial rights of McIntyre, and the judgments and convictions are hereby affirmed.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice. His opinion is hereby adopted as that of the court.
Affirmed.
All the Judges concur.