Katherine Lee Grantham was tried without a jury and was convicted of possession of marijuana in the first degree in violation of Ala. Code 1975, § 13A-12-213. She was sentenced to five years' imprisonment and was fined $1,000. Two issues are raised in this appeal from that conviction.
 I
Grantham contends that the trial court should have granted her motion to suppress in which she attacked the validity of the search warrant because it incorrectly stated her address. The search warrant authorized the search of both Grantham's person and her "residence located at # 59 Lakeside Trailer Park on U.S. 231 North in Dothan, AL." The trailer which was searched, and in which Grantham actually resided, was located on lot # 55.
Tim Green, a narcotics investigator with the Houston County Sheriff's Department, testified at the suppression hearing that, on an evening in December 1987, he received information from a reliable informant that Katherine Grantham had a large amount of marijuana in her trailer. The informant gave a physical description of Grantham and her trailer and also described the location of the trailer. Although the informant did not know the lot number of Grantham's trailer, he rode with Investigator Green and Investigator Joe Watson to the trailer park and pointed out to the officers the trailer in which he had seen the marijuana. At that time, investigator Green obtained a lot number from a sign on the chain link fence located near the trailer.
Later that same evening, Investigator Green obtained the search warrant for Grantham and her trailer, specifying the address as lot # 59. This warrant was executed around 8:47 p.m. that evening by Houston County Sheriff Lamar Hadden, a deputy sheriff, and both Investigator Green and Investigator Watson. Some 26 small sandwich bags containing green plant material were found in the kitchen of Grantham's trailer.
During the search, Grantham, who had been given a copy of the search warrant, informed the officers that her trailer was on lot # 55, instead of lot # 59. Investigator Green went outside at that time and ascertained that the sign actually did read "55." A photograph of the sign shows the number "55" with the top half of the second 5 closed so that it resembles a 9.
"An erroneous description of premises to be searched does not necessarily render a warrant invalid." United States v. Burke,784 F.2d 1090, 1092 (11th Cir.), cert. denied, 476 U.S. 1174,106 S.Ct. 2901, 90 L.Ed.2d 987 (1986) (search warrant stated address of premises to be searched as 38 Throop Street, apartment 840, when actual address of premises searched was 48 Troup Street, apartment 840). "[T]he 'test for determining the sufficiency of the warrant description is "whether the place to be searched is described with sufficient particularity *Page 55 
to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched." ' " United States v. Turner, 770 F.2d 1508, 1510
(9th Cir. 1985), cert. denied, 475 U.S. 1026, 106 S.Ct. 1224,89 L.Ed.2d 334 (1986). Accord, Lyons v. Robinson, 783 F.2d 737,738 (8th Cir. 1985). The fact that an officer who participates in the execution of a search warrant has previously been to the premises to be searched and can identify those premises as the correct premises to be searched is a significant factor in determining the validity of a warrant which incorrectly states the street address of the premises to be searched. See UnitedStates v. Burke, 784 F.2d at 1092-93; United States v. Turner, 770 F.2d at 1511; United States v. Weinstein, 762 F.2d 1522,1532-33 (11th Cir.), opinion modified, 778 F.2d 673 (1985), cert. denied, 475 U.S. 1110, 106 S.Ct. 1519, 89 L.Ed.2d 917
(1986). This knowledge on the part of an officer participating in the search can be considered "even where such knowledge was not reflected in the warrant or in the affidavit supporting the warrant." United States v. Burke, 784 F.2d at 1093.
In the present case, the search warrant did not include a detailed physical description of the premises to be searched, compare United States v. Burke, 784 F.2d at 1091; United Statesv. Turner, 770 F.2d at 1509-10; Helton v. State, 549 So.2d 589,590 (Ala.Cr.App. 1989), cert. denied, ___ U.S. ___,110 S.Ct. 1129, 107 L.Ed.2d 1034 (1990), nor was there any showing that lot # 59 did not exist, compare State v. Graham, 571 So.2d 1267
(Ala.Cr.App. 1990). However, two of the officers executing the search warrant had previously viewed the trailer in the company of the informant and there is clearly no doubt that the trailer actually searched was the trailer intended to be searched. Under the circumstances of this case, we find that "there was virtually no chance that the executing officer[s] would have any trouble locating and identifying the premises to be searched or that [they] would mistakenly search another house."United States v. Turner, 770 F.2d at 1511. Consequently, there was no error in the trial court's denial of the motion to suppress.
 II
At trial, the State was permitted to introduce a certified copy of the toxicologist's report, which stated that the green plant material had been identified as marijuana. Joseph Saloom, the toxicologist who prepared the report, did not testify. Grantham asserted at trial and maintains on appeal that the introduction of this report denied her her constitutional right to confront the witnesses against her. We agree.
Although the toxicologist's report is clearly hearsay, see generally C. Gamble, McElroy's Alabama Evidence § 242.01(1) (3d ed. 1977), certified copies of such reports are usually admissible under Ala. Code 1975, §§ 12-21-35 and 36-18-2, seeSeals v. State, 282 Ala. 586, 604, 213 So.2d 645, 663 (1968). Sections 12-21-35 and 36-18-2 essentially establish a public record exception to the hearsay rule that is similar in nature to the business record exception found in § 12-21-43. However, evidence that would normally be admissible under an exception to the hearsay rule may still be inadmissible because it violates the confrontation clause of the Sixth Amendment.United States v. Bernard S., 795 F.2d 749, 753 (9th Cir. 1986);United States v. Oates, 560 F.2d 45, 81 (2d Cir. 1997).
The Sixth Amendment establishes several rights of an accused, including the right "to be confronted with the witnesses against him." U.S. Const. Amend. VI. The United States Supreme Court "has emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation at trial, and that 'a primary interest secured by [the provision] is the right of cross-examination.' " Ohio v. Roberts, 448 U.S. 56, 63,100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980) (footnote omitted).
 "In Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Supreme Court 'announced that confrontation clause analysis should proceed case-by-case under a two-track approach *Page 56 
that tests the necessity and reliability of the contested testimony.' United States v. Perez, 658 F.2d 654 at 660 (9th Cir. 1981) (citing Roberts, 448 U.S. at 65-66, 100 S.Ct. at 2538-2539). The first consideration is the 'rule of necessity' established by the sixth amendment. Roberts, 448 U.S. at 65, 100 S.Ct. at 2538. 'In the usual case . . . the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant.' Id. This necessity requirement is not 'absolute.' Perez, 658 F.2d at 661. The government is not required to produce a seemingly available witness when the 'utility of trial confrontation [is] remote.' Roberts, 448 U.S. at 65 n. 7, 100 S.Ct. at 2538 n. 7. Furthermore, '[t]estimony that is neither "crucial" to the prosecution nor "devastating" to the defendant might not be subject to the necessity requirement.' Perez, 658 F.2d at 661 (citing Dutton v. Evans, 400 U.S. 74 at 87, 89, 91 S.Ct. 210 at 219, 220, 27 L.Ed.2d 213
(1970)). If the government establishes the unavailability of the witness, Roberts then requires that the declarant's statement bear adequate 'indicia of reliability.' Roberts, 448 U.S. at 66, 100 S.Ct. at 2539."
United States v. McClintock, 748 F.2d 1278, 1291-92 (9th Cir. 1984), cert. denied, 474 U.S. 822, 106 S.Ct. 75, 88 L.Ed.2d 61
(1985). Accord, Pickett v. Bowen, 626 F. Supp. 81, 84-85
(M.D.Ala. 1985), affirmed, 798 F.2d 1385 (11th Cir. 1986).
The utility in a drug case of cross-examining the toxicologist who prepared the report identifying the material seized as a controlled substance was discussed by the Second Circuit Court of Appeals in United States v. Oates. In Oates, the prosecution introduced a chemist's report identifying white powder seized from the defendant as heroin, although the chemist who prepared the report did not testify at trial. 560 F.2d at 64. In addressing the application of the confrontation clause, the court noted that the defendant could have cross-examined the chemist as to his "personal qualifications and experience," and also as to "whether the tests . . . performed . . ., which were not 'mere routine recordation[s] of facts,' were correctly performed[;] whether the procedures and analyses used are recognized in the profession as being reliable, and if so, how reliable[;] and whether any machines used were in good working order." Id. at 81-82 (citations omitted).
Moreover, in order to convict Grantham of first degree possession of marijuana under § 13A-12-213, the state had to prove that the green plant material seized from Grantham was, in fact, marijuana. Thus, the report was "crucial" to the prosecution and "devastating" to Grantham in that it alone established an essential element of the offense. United Statesv. McClintock, 748 F.2d at 1292. See also United States v.Oates, 560 F.2d at 63 (report prepared by government's chemist, "the crucial nature of which is beyond cavil, concluded that the powder examined was heroin"); United States v. Washington,688 F.2d 953, 959 (5th Cir. 1982) (in reversing conviction on other grounds, court noted that information contained in business records appeared crucial to the prosecution's case and would, in the event of a retrial, require satisfaction of theRoberts requirements).
This Court dealt with a similar issue in Lowery v. State,55 Ala. App. 514, 317 So.2d 365, cert. denied, 294 Ala. 763,317 So.2d 372 (1975). In that case, we held that a certified copy of a death certificate, which would ordinarily be admissible as "presumptive evidence of the facts therein" under what is now Ala. Code 1975, § 12-21-101, could not "be used as the sole evidence in a criminal prosecution for murder to prove the cause of death where live witnesses are available to the State, but are not used for that purpose." 55 Ala. App. at 520,317 So.2d at 371. We made it clear that such a practice, whether through documents admissible under § 12-21-101 or similar statutes, such as § 12-21-35 and § 36-18-2, would violate a defendant's right to confront the witnesses against him:
 "[Documents admissible under various statutes cannot be used] where the end result would be proof of [a] key element *Page 57 
of the murder charge solely on the basis of certified copies of the documents, but without bringing forth available witnesses to confront the defendant or offer him an opportunity to cross examine them concerning their conclusions.
 "It could be argued that a certified copy of a death certificate is admissible as presumptive proof of the cause of death, as provided for in [§ 12-21-101], and that the defendant may call expert witnesses to rebut such presumption. In a civil case, such an interpretation would not be unreasonable. In a criminal case, we think such a use of a presumption would be unconstitutional.
 "The burden of proof in all criminal prosecutions rests upon the State, with the presumption of innocence attending the defendant until the burden of proof has been met. To allow the State to simply introduce a certified copy of a death certificate and thus shift the burden to the defendant to disprove the facts set out therein would be an unconstitutional burden of such weight as to deprive a defendant of a fair trial and due process of law.
 "By use of certified copies of business documents and official records under special statutes providing for such, it could be conceivable that the State could prove some offenses without the necessity of calling any witnesses at all, except for the guarantees of our state and federal constitutions. The right of a defendant to be confronted by witnesses against him, includes the right of cross examination."
Lowery v. State, 55 Ala. App. at 520-21, 317 So.2d at 371.Accord, Arthers v. State, 459 So.2d 972, 974 (Ala.Cr.App. 1984). See also Lidge v. State, 419 So.2d 610, 616
(Ala.Cr.App.), cert. denied, 419 So.2d 616 (1982) ("certified copies of records may not be used to prove the acts constituting the offense itself without calling any witnesses at all"). Similarly, in probation revocation cases, where hearsay evidence is admissible at the discretion of the trial judge whether or not it is within one of the recognized exceptions, this Court has held that hearsay cannot be the sole basis for the revocation of probation because such a practice denies the probationer his right to confront the witnesses against him. Mallette v. State, 572 So.2d 1316, 1317
(Ala.Cr.App. 1990); Mitchell v. State, 462 So.2d 740, 741-42
(Ala.Cr.App. 1984); Hill v. State, 350 So.2d 716, 718
(Ala.Cr.App. 1977). See also Ex parte Belcher, 556 So.2d 366,369 (Ala. 1989).
In Bickerstaff v. State, 369 So.2d 315 (Ala.Cr.App. 1979), and Scofield v. State, 496 So.2d 96 (Ala.Cr.App. 1986), this Court indicated that a toxicologist's report could be offered, without calling the toxicologist who prepared the report, to establish that the material the defendant was alleged to have sold was a controlled substance. Neither of these cases involved a confrontation clause challenge to the admission of the toxicologist's report. In fact, in Bickerstaff the report "was admitted without objection," 369 So.2d at 316, and inScofield the only objection made at trial was that the report "violated the 'best evidence rule,' " 496 So.2d at 99. However, to the extent that these cases can be construed to conflict with our decisions in Lowery, Arthers, Lidge, and this opinion, they are expressly overruled.
In the present case, the prosecutor did not even allege that the toxicologist was unavailable.[1] He simply offered the report, which was admitted over Grantham's confrontation clause objection, to prove that the substance seized was marijuana. Under the facts of this particular case, it is clear that the utility of confronting the absent toxicologist was not remote and that the report was both "crucial" to the prosecution and "devastating" to Grantham. It was therefore necessary for the prosecution to establish the unavailability of the toxicologist who prepared the report. Because the State failed to meet the first prong of the Roberts test or the exceptions *Page 58 
thereto, the introduction of the toxicologist's report denied Grantham her Sixth Amendment right to confront the witnesses against her. See United States v. McClintock, 748 F.2d at 1292;Pickett v. Bowen, 626 F. Supp. at 85.
Violations of the confrontation clause are, like many other constitutional errors, subject to a harmless error analysis. See Delaware v. Van Arsdall, 475 U.S. 673, 680-84,106 S.Ct. 1431, 1436-38, 89 L.Ed.2d 674 (1986). However, where the evidence which violates the confrontation clause also establishes an essential element of the crime with which the defendant is charged, the error cannot be deemed harmless. SeeUnited States v. McClintock, 748 F.2d at 1292; Lowery v. State,55 Ala. App. at 519-20, 317 So.2d at 370. As noted above, the toxicologist's report was the only evidence offered in this case to establish that the plant material seized from Grantham was, in fact, marijuana. Thus, the trial court's error in admitting this report cannot be considered harmless.
For the reasons stated above the judgment of the Houston Circuit Court is reversed and this cause remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] We take judicial notice that Joseph Saloom has testified in numerous cases which have been before this Court on appeal.E.g., McIntyre v. State, 571 So.2d 364 (Ala.Cr.App. 1990);Barron v. State, 562 So.2d 292, 293 (Ala.Cr.App. 1990); Cano v.State, 543 So.2d 724, 726 (Ala.Cr.App. 1989).