The Court of Criminal Appeals, by unpublished memorandum, 602 So.2d 1226, *Page 1261 
affirmed Katherine Lee Grantham's conviction on retrial for possession of marijuana. In her appeal she had attacked that judgment on the basis that the trial court had erred in denying her "petition of former jeopardy." We granted certiorari review to decide whether the judgment of the Court of Criminal Appeals conflicts with prior opinions or violates the prohibitions against double jeopardy, U.S. Const. amend. V, Ala. Const. 1901, art. I, § 9.
In her first trial arising out of the facts at issue here, Grantham was convicted of possession of marijuana, first degree, Ala. Code 1975, § 13A-12-213; that was in a nonjury trial. During that trial, the State attempted to introduce the report of a toxicologist to prove that the plant material found at Grantham's home was indeed marijuana. The toxicologist was not present to testify. The defense objected to the introduction of the report, asserting that the State had not shown that the toxicologist was unavailable to testify, and that, therefore, Grantham's right to confront the witnesses against her, guaranteed by the 6th Amendment to the United States Constitution, would be violated. The trial court overruled the objection, admitted the report, and subsequently denied Grantham's motion for judgment of acquittal.
On the first appeal, the Court of Criminal Appeals reversed the conviction and remanded for a new trial. 580 So.2d 53
(Ala.Cr.App. 1991). The court held that the trial court erroneously admitted the toxicologist's report over Grantham's objection. The court held that the admission of the report to prove an essential element of the State's case without a showing that the witness was unavailable violated Grantham's constitutional right to confront the witnesses against her. The court further held that the admission of such hearsay testimony could not be deemed harmless error because it constituted an integral part of the State's case.
Following the reversal and remand by the Court of Criminal Appeals,[1] Grantham filed a "petition of former jeopardy" with the trial court, alleging that, in light of the judgment of the Court of Criminal Appeals, one must conclude that her previous motion for judgment of acquittal had been erroneously denied. Therefore, she argued, a retrial would violate the Federal and State constitutional prohibitions against double jeopardy. The trial court denied Grantham's petition, stating that because the appellate court's ruling went to the admissibility of the evidence rather than to its sufficiency, a retrial would not contravene Grantham's constitutional right of protection against double jeopardy.
At the retrial, the State called Joseph Saloom, a forensic scientist and the laboratory director of the Enterprise Division of the Alabama Department of Forensic Sciences. Saloom testified, after the parties stipulated to his qualifications, that the plant material submitted to him by the State following the search of Grantham's residence was indeed marijuana. The court found Grantham guilty of marijuana possession in the first degree. The Court of Criminal Appeals affirmed the conviction, and Grantham filed with this Court her petition for a writ of certiorari.
In her brief supporting that petition, Grantham argues that the Court of Criminal Appeals erred in holding that her second trial did not violate the Double Jeopardy Clauses. Specifically, she argues that because the State failed at the first trial to produce legal evidence of an essential element of the charged crime, her motion for judgment of acquittal was improperly denied, and that, therefore, the retrial was merely an unwarranted "second bite at the apple" for the State.
The legal rules governing this issue are straightforward. In its decision in Burks v. United States, 437 U.S. 1,98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the United States Supreme Court considered the Double Jeopardy Clause of the Federal Constitution and attempted to derive workable principles from a line of cases that it felt could "hardly be characterized as models of consistency and clarity." 437 U.S. at 9, *Page 1262 98 S.Ct. at 2146, 57 L.Ed.2d at 8. Burks was tried for the offense of bank robbery with a dangerous weapon. His primary defense at trial was insanity, and he offered expert testimony to establish the defense. After the Government offered its rebuttal witnesses, the defense moved for an acquittal, which was denied by the trial court. The jury subsequently returned a verdict of guilty.
On appeal, Burks argued that the evidence was insufficient to support the verdict because, he said, the Government had failed to adequately rebut Burks's prima facie showing of insanity. The Court of Appeals for the Sixth Circuit agreed, holding that the Government had indeed failed to rebut the petitioner's insanity defense with the required expert testimony. The court of appeals then remanded the case to the district court for further proceedings, instead of terminating the case against Burks.
The United States Supreme Court granted Burks's petition for a writ of certiorari, stating the issue to be "whether an accused may be subjected to a second trial when conviction in a prior trial was reversed solely for lack of sufficient evidence to sustain the jury's verdict." 437 U.S. at 2,98 S.Ct. at 2143, 57 L.Ed.2d at 4. In holding that a defendant may not be constitutionally retried in such a situation, the Court distinguished between a reversal based on insufficiency of the evidence and a reversal based on "trial error." With respect to the latter situation, the Court held that the Double Jeopardy Clause did not preclude the retrial of a defendant after a reversal based on some error in the proceedings. The Court stated:
 "[R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished."
437 U.S. at 15, 98 S.Ct. at 2149, 57 L.Ed.2d at 12. The Court justified this distinction by reiterating society's interest in retrying defendants whose convictions are reversed because of trial error, and asserted:
 "It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction."
Id. (quoting United States v. Tateo, 377 U.S. 463, 466,84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964).
The Court, however, took a very different view of a reversal by a reviewing court based on the insufficiency of the evidence. In such a situation, the Court felt that the prosecution could scarcely complain of any prejudice, for it had already been given an opportunity to assemble its proof at the initial trial. The Court noted that a reversal based on evidentiary insufficiency is tantamount to a ruling for the accused on a motion for judgment of acquittal at the trial level; such a reversal necessarily means that the State's case was so deficient that it should not have been submitted to the jury. The Court, agreeing with Justice Douglas's observation inSapir v. United States, 348 U.S. 373, 75 S.Ct. 422,99 L.Ed. 426 (1955), stated that it should make no difference whether the evidence was deemed insufficient by the trial court or by the reviewing court. The Court concluded by emphasizing the absolute finality accorded to a jury verdict of acquittal; it failed to see how a society could have any interest in retrying a defendant after a court had determined that the jury could not have correctly returned a guilty verdict.
Ten years later the Court expanded considerably on itsBurks decision in Lockhart v. Nelson, 488 U.S. 33,109 S.Ct. 285, 102 L.Ed.2d 265 (1988). In Lockhart, the State *Page 1263 
of Arkansas wished to enhance Nelson's sentence under its habitual offender statute. In order to accomplish this, the State had to prove, beyond a reasonable doubt, that Nelson had at least four prior felony convictions. At the sentencing hearing, the State introduced four certified copies of prior felony convictions of Nelson. For one of the convictions, however, Nelson had been pardoned by the governor of Arkansas; that conviction was therefore, under Arkansas law, ineffective to prove a fourth conviction; the prosecutor did not know this before he offered the convictions as evidence. Nelson stated that he believed that he had been pardoned as to one of the convictions, and a discussion ensued between the parties regarding this particular conviction. Nelson never formally objected to the conviction, and the case was submitted to the jury. The jury found that the State had sustained its burden, and it imposed an enhanced sentence on Nelson.
Later, it was discovered that Nelson was correct in his assertion concerning the pardon, and he sought a writ of habeas corpus in a federal district court, contending that his sentence was invalid because it had been based on the pardoned conviction. The district court held that the Double Jeopardy Clause prohibited the State from resentencing Nelson. The Court of Appeals for the Eight Circuit affirmed, holding that the conviction was not admissible under Arkansas law, and that, without it, the State failed to produce sufficient evidence to sustain the enhanced sentence.
On review, Chief Justice Rehnquist framed the issue as follows:
 "[W]hether the Double Jeopardy Clause allows a retrial when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction."
488 U.S. at 40, 109 S.Ct. at 290, 102 L.Ed.2d at 273. While Chief Justice Rehnquist framed the issue in terms of sufficiency of the evidence to support the conviction, it appears that no question was raised about the conviction of the felony, but that the Court was actually dealing with sufficiency of the evidence to support the finding, at the sentence hearing, of four prior felony convictions.
The Court, with three Justices dissenting, held that "the logic of Burks requires that the question be answered in the affirmative." Id. Chief Justice Rehnquist characterized the situation as one of mere trial error, while discounting the evidentiary insufficiency that necessarily flowed from the inadmissibility of the conviction. He stated:
 "It appears to us to be beyond dispute that this is a situation described in Burks as reversal for 'trial error' — the trial court erred in admitting a particular piece of evidence, and without it there was insufficient evidence to support a judgment of conviction. But clearly with that evidence, there was enough to support the sentence: the court and jury had before them certified copies of four prior felony convictions, and that is sufficient to support a verdict of enhancement under the statute."
Id. (Emphasis in original.)
The underlying premise needed to give the Lockhart decision logical coherence was this statement by Chief Justice Rehnquist:
 "It is quite clear from our opinion in Burks that a reviewing court must consider all of the evidence admitted by the trial court in deciding whether retrial is permissible under the Double Jeopardy Clause."
488 U.S. at 40-41, 109 S.Ct. at 291, 102 L.Ed.2d at 274. (Emphasis added.) Chief Justice Rehnquist then characterized an appeal based on insufficiency of the evidence as the functional equivalent of a motion for judgment of acquittal at the trial court, and he concluded that because the trial court considers all admitted evidence in deciding whether to grant the motion for a judgment of acquittal, a reviewing court should do likewise, notwithstanding that some of the evidence may have been erroneously admitted. *Page 1264 
The Burks/Lockhart rule clearly controls the present situation. Grantham seeks to avoid the application of that rule by citing several Alabama cases holding generally that the State must present all of its evidence at the initial trial and that it cannot be permitted to amass more proof against the accused after it has once failed to present evidence of each element of the charged offense. See Ex parte Beverly,497 So.2d 519 (Ala. 1986); Nicholson v. State, 369 So.2d 304 (Ala. 1979);Prantl v. State, 462 So.2d 781 (Ala.Cr.App. 1984). These cases, however, do not present the Lockhart problem of a jury finding based on inadmissible evidence, and, in any case, they predateLockhart. Chief Justice Rehnquist's opinion in that case made it clear that the evidence need not be admissible to be considered by either the trial court on a motion for judgment of acquittal or by the reviewing court on an appeal asserting insufficiency. Moreover, Grantham makes no specific argument that the cited cases compel, as a matter of State constitutional law, a result different from that reached inLockhart as a matter of Federal constitutional law.
Grantham seeks to distinguish her case from Lockhart andFortier v. State, 564 So.2d 1041 (Ala.Cr.App. 1990), cert. denied, 564 So.2d 1043 (Ala. 1990) — a case following Lockhart
— on the ground that in those cases neither a timely objection nor a proper and specific motion for judgment of acquittal had been made, whereas in this case the trial court had an opportunity to rule correctly and merely failed to do so. Although this is a correct observation, it does not significantly distinguish the prior cases from the present one. The entire underpinning of the Lockhart decision is that a reviewing court's assessment of the sufficiency of the evidence is equivalent to, and is governed by the same principles as, the motion for judgment of acquittal; here it is conceded that Grantham made a motion for a judgment of acquittal and that the trial court denied it. Hence, there is no merit in Grantham's attempt to distinguish the cases.
Also damaging to Grantham's case is the notion of curability of the tainted evidence, which is implicit in theLockhart opinion. In Lockhart, Chief Justice Rehnquist noted that the conviction for which the defendant had been pardoned, while necessary to enhancement, was not the only means of proving the case: it was undisputed that Nelson had many other convictions and the State would have been allowed to introduce evidence of one of these supernumerary convictions if the trial court had excluded the evidence of the conviction for which the defendant had been pardoned.
Here, under the rationale of Lockhart, the admission of the report presented a problem only because the trial court committed an error in ruling on the 6th Amendment objection; the State is not barred by Burks from the opportunity to correct that error. Grantham has alleged no bad faith on the part of the State; the absence of an allegation of bad faith was also important in Lockhart. In fact, the premise of good faith undergirds much of contemporary criminal justice.
The present situation is clearly covered by decisions of the United States Supreme Court. Also, Grantham has failed to set forth any specific argument as to why an analysis under the State double jeopardy provision, Ala. Const., art. I, § 9, should reach a different result from the Fifth Amendment analysis under the Burks/Lockhart rule. For these reasons, the judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] The State, following the reversal by the Court of Criminal Appeals, elected to retry the case instead of petitioning this Court for a writ of certiorari. *Page 1265