We granted Nathaniel Scroggins's petition for certiorari review of a judgment of the Court of Criminal Appeals affirming his conviction of capital murder for the shooting of Richard Fields. See Scroggins v. State, 727 So.2d 123 (Ala.Cr.App. 1997). The basis for granting review was to determine whether the State met its burden to establish that the only eyewitness in this capital murder case was "unavailable" to testify at trial, as that term is defined in Rule 804, Ala. R. Evid.; if he was, then his testimony at the preliminary hearing was admissible at trial. We reverse and remand.
Nathaniel Scroggins was indicted for the murder of Richard Fields; he was charged on three counts of capital murder: 1) robbery/murder, in violation of § 13A-5-40(a)(2); 2) murder while the victim is in a vehicle, in violation of §13A-5-40(a)(17); and 3) murder by and through the use of a deadly weapon fired or otherwise used within or from a vehicle, in violation of § 13A-5-40(a)(18). The indictment charged that Scroggins murdered Richard Fields while *Page 132 
Scroggins was in the course of stealing Fields's Buick automobile.
At trial, Judge James Hard allowed the State to offer the testimony an eyewitness, Billy Joe Williams, had given at the preliminary hearing; Judge Hard allowed that evidence on the grounds that at trial Williams was "unavailable," as that term is defined in Rule 804, Ala. R. Evid. The opinion of the Court of Criminal Appeals recites facts taken from Williams's testimony:
 "On December 6, 1995, the victim, 19-year-old Richard Fields, left his residence and went with some friends to the Anchor Motel, which was located on the east side of Birmingham. At the motel, he met his friend Billy Joe Williams and [Nathaniel Scroggins]. Shortly thereafter, the three young men left the motel in [Fields's] car and went to [the home of a drug dealer] to buy some marijuana. [Fields and Scroggins] agreed to split the cost of the marijuana, and [Scroggins] advanced [Fields] some money for his share of the marijuana. At the dealer's house, a member of the group purchased two $5 bags of marijuana and they then left.
 "[Fields] drove to the end of the street and stopped the car. He and [Scroggins] discussed the money that was used to purchase the drugs. According to Billy Joe Williams, [Scroggins] did not believe that [Fields] intended to repay him. Williams, who was seated in the front passenger seat, testified that he was looking away and that he did not see what happened between [Fields], who was seated in the driver's seat, and [Scroggins], who was seated in the backseat. Williams testified that he heard two shots fired from the backseat, [and that he then] looked up to see [Fields] slide over and hit his head on the window.' Williams asked [Scroggins] to tell the police that they were at his aunt's house and that they did not know anything about the shooting. Williams then jumped out of the car and ran down the street to his aunt's house."
727 So.2d at 124-125. The jury convicted Scroggins, who was 16 years old at the time of the murder. The court sentenced him to life imprisonment on count one and to life imprisonment without the possibility of parole on counts two and three. The Court of Criminal Appeals affirmed Scroggins's convictions, holding that whether a witness is "unavailable" is left to the sound discretion of the trial court, 727 So.2d at 126, citing Johnsonv. State, 623 So.2d 444, at 448 (Ala.Crim.App. 1993). The Court of Criminal Appeals concluded that "unless this witness wanted to be found, locating him would have been virtually impossible," 727 So.2d at 128, and, therefore, that the trial court did not abuse its discretion in admitting the testimony from the preliminary hearing. The Court of Criminal Appeals did not explain in its opinion why it would have been "virtually impossible" for the state to find the only witness to this crime.
The Confrontation Clause of the Sixth Amendment to the Constitution of the United States requires that in all criminal prosecutions the accused shall have the right to be confronted with the witnesses against him. Tomlin v. State, 591 So.2d 550,555 (Ala.Cr.App. 1991), citing Kirby v. United States,174 U.S. 47, 55, 19 S.Ct. 574, 43 L.Ed. 890 (1899). The United States Supreme Court in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531,65 L.Ed.2d 597 (1980), emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation at trial and that a primary interest secured by the Confrontation Clause is the right of cross-examination. Grantham v. State, 580 So.2d 53,55 (Ala.Cr.App. 1991), citing Ohio v. Roberts, 448 U.S. at 63,100 S.Ct. 2531.
The Confrontation Clause and the hearsay exclusionary rule are generally designed to protect similar values. California v.Green, 399 U.S. 149, 155, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). The hearsay exclusionary rule makes hearsay evidence inadmissible unless it falls into one of the recognized exceptions. The Alabama Rules of Evidence incorporate "unavailability" as such an exception in Rule 804:
 "(a) Grounds of Unavailability. `Unavailability as a witness' includes situations in which the declarant —
". . . . *Page 133 
 "(5) is absent from the hearing and the proponent of the statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under subsection (b)(2), (3), or (4), the declarant's attendance or testimony) by process or other reasonable means."
Evidence that would normally be admissible under an exception to the hearsay rule may be inadmissible because it violates the Confrontation Clause of the Sixth Amendment. Grantham v. State,580 So.2d 53, 55 (Ala.Cr.App. 1991), citing United States v.Bernard S., 795 F.2d 749, 753 (9th Cir. 1986); United States v.Oates, 560 F.2d 45, 81 (2d Cir. 1977). When the prosecution seeks to introduce, against a criminal defendant, the former testimony of a now unavailable witness, its burden in seeking the witness's presence is enhanced by the defendant's Sixth Amendment right to confront witnesses. Ex parte Wright, 625 So.2d 1135, 1136 n. 2 (Ala. 1993). Thus, when at trial the State wishes to use a person's statement against a criminal defendant, in order for that statement to be admissible the State must either produce as a witness the person whose statement it wishes to use or else demonstrate that that person is "unavailable" for the trial.Inmon v. State, 585 So.2d 261, 265 (Ala.Cr.App. 1991).
Professor Charles Gamble, the preeminent authority on Alabama evidence law, has stated, "[T]he prerequisite showing of unavailability may be greater as to prosecution witnesses in a criminal case because it takes on constitutional dimensions." C. Gamble, McElroy's Alabama Evidence, § 242.01(6)(f), p. 1130 (5th ed. 1996). Professor Gamble notes that "[t]he United States Supreme Court, in a long line of decisions culminating with Ohiov. Roberts, has concluded that [admitting against a criminal defendant the testimony of a witness who does not appear at trial] may violate the Sixth Amendment right of the accused `to be confronted with the witnesses against him.'" Id., § 242.01(7), p. 1132. In order for the admission of a statement of a witness who is not present at trial to satisfy the right to confrontation of witnesses, the concerns of necessity and reliability must be satisfied. "The necessity concern customarily requires that the prosecution either produce or account for the unavailability of the declarant." Id. See Thompson v. State,106 Ala. 67, 74, 17 So. 512, 514 (1895). Ohio v. Roberts "mandates that the prosecution have made a good faith effort to obtain the presence of the declarant at trial." C. Gamble, supra, § 242.01(7), p. 1132.
The Court of Criminal Appeals relied upon Johnson v. State, supra, to affirm the trial court's holding that the witness was "unavailable." However, Johnson v. State sets a high standard for proving that the State exercised due diligence in its attempt to procure the presence of a witness:
 "A party seeking to introduce a witness's testimony from a prior proceeding at a subsequent proceeding, must establish the unavailability of the witness and the reasons therefor. Lamar v. State, 578 So.2d 1282[1382] (Ala.Crim.App. 1991), cert. denied, Ex parte Lamar, 596 So.2d 659 (Ala. 1991). This predicate is fulfilled when the party offering the evidence establishes that it has exercised due diligence in obtaining the witness, but without success. See Matkins v. State, 521 So.2d 1040, 1041-42
(Ala.Crim.App. 1987)."
623 So.2d at 447. In Johnson, the hearing on the unavailability of the witness included testimony of the witness's mother, the witness's girlfriend, an investigator for the State, and a jailer for the City of Birmingham. The testimony of these persons indicated that each of them had made efforts to locate the witness but had been unable to find him. The witness sought had a murder charge pending against him, and he had recently escaped from jail. Id. at 447.
Johnson's standard of due diligence is based upon Alabama law holding that a declarant is not rendered "unavailable" by absence alone. The party seeking to introduce the declarant's statement has to show that it is unable to procure the declarant's attendance either by legal process or by other reasonable means:
 "If a witness who has given testimony in the course of a judicial proceeding between the parties litigant, before a competent tribunal, subsequently dies; or becomes insane; or after diligent search is not to be *Page 134 
found within the jurisdiction of the court, or if that which is equivalent be shown, that he has left the state permanently, or for such an indefinite time that his return is contingent and uncertain, it is admissible to prove the substance of the testimony he gave formerly. The rule is, however, exceptional, and it is essential to the admissibility of the evidence that some one of the contingencies, which are deemed to create the necessity, be satisfactorily shown. Thompson v. State, 106 Ala. 67, 74, 17 So. 512 [(1894)]."
Williams v. Calloway, 281 Ala. 249, 251-52, 201 So.2d 506, 508
(Ala. 1967).
While the question of the sufficiency of the proof offered to establish the predicate of a witness's unavailability is addressed to the sound discretion of the trial judge, the issue is of constitutional significance in a criminal case and especially so in a capital one. Here, the State failed to show that it used due diligence and made a good faith effort in trying to locate the witness whose testimony it sought to introduce at trial. Morgan Knight, an investigator with the Jefferson County district attorney's office, was the only witness to testify as to Williams's unavailability. Knight's testimony reflects that he conducted his search for Williams primarily by telephone. He did not know whether Williams had been served with a subpoena by the Jefferson County sheriff's office. He stated that he put a "hold" on Williams, but that although the juvenile authorities arrested him and placed him in the juvenile facility, he was released before Scroggins's trial. No writ of attachment was ever issued for Williams. We therefore conclude that the State failed to carry its burden to show that Billy Joe Williams was "unavailable," so that his testimony given at the preliminary hearing would have been admissible into evidence at Scroggins's trial.
The burden of proof in all criminal prosecutions rests upon the State, with the presumption of innocence attending the defendant until the burden of proof has been met. To allow the State to simply introduce the preliminary-hearing testimony of the only eyewitness to the killing and thus shift the burden to the defendant to disprove the facts suggested in that testimony would impose on the defendant a burden so great as to deprive him of a fair trial and due process of law. Grantham v. State, supra; U.S. Const. Amend. VI.
The judgment affirming Scroggins's convictions is reversed, and the cause is remanded for the Court of Criminal Appeals to order a new trial.
REVERSED AND REMANDED.
ALMON, KENNEDY, COOK, and LYONS, JJ., concur.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., dissent.